Filed 3/12/15  P. v. Lesopravsky CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENT LESOPRAVSKY,<br><br>    Defendant and Appellant. | B257343<br><br>(Los Angeles County<br>Super. Ct. No. PA077147) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Kent Lesopravsky pleaded no contest to evading an officer and transportation of marijuana. The trial court sentenced him to eight years in prison. He appeals from the judgment of conviction. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*[1]

On May 14, 2013, at approximately 6:40 p.m., Los Angeles Police Department officers were called to the area of Aqueduct Avenue and Lemarsh Street in the San Fernando Valley in response to a report that Lesopravsky was smoking methamphetamine in his vehicle, which was parked at that location. When the officers arrived, they observed Lesopravsky seated in his parked car. The officers stopped behind Lesopravsky and activated their patrol vehicle's lights. When one of the officers approached Lesopravsky's car, Lesopravsky responded by speeding away. He led the officers on a high speed pursuit for approximately two miles. During the pursuit he made an unsafe turn and swerved in and out of traffic. Lesopravsky drove onto the 405 Freeway and tossed a pipe out of the car's window. He exited the freeway at Nordhoff and stopped at a gas station, where he was taken into custody. Officers discovered 390 grams of marijuana on the car's floorboard and seat. One of the officers discovered a methamphetamine pipe on Lesopravsky's person.

2. *Procedure*

An information filed on January 15, 2014 charged Lesopravsky with one count of evading an officer (Veh. Code, § 2800.2, subd. (a)) and one count of transportation or sale of marijuana (Health & Saf. Code, § 11360, subd. (a)). The information further alleged that he was on bail in case No. GA087111 when he committed the instant offenses (Pen. Code, § 12022.1); he had suffered a prior "strike" conviction for burglary (Pen. Code, §§ 667, subd. (d), 1170.12); and had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

---

[1]     Because Lesopravsky pleaded no contest, we take the facts from the probation report and preliminary hearing transcript.

Lesopravsky entered an open plea of no contest to both counts and admitted the prior conviction and bail allegations. Before Lesopravsky entered his plea, the trial court advised him of his rights to jury trial, confrontation and cross-examination of witnesses, and against self-incrimination; the nature of the charges against him; the maximum potential sentence; and the consequences of a no contest plea, including, inter alia, the potential immigration consequences. Lesopravsky indicated he understood and waived his rights. He also waived his right to have the same judge who took the plea sentence him (*People v. Arbuckle* (1978) 22 Cal.3d 749). Counsel joined in the waivers. The trial court found Lesopravsky knowingly and intelligently waived his constitutional rights with full knowledge of the consequences of his pleas and admissions, which were freely and voluntarily made, and there was a factual basis for the plea.

At the time of the plea, Lesopravsky was facing charges in two unrelated cases. At his request, the matter was transferred for purposes of sentencing to the court handling one of the other matters.

At a July 1, 2014 sentencing hearing Lesopravsky moved (1) to withdraw his plea, (2) for a continuance, (3) to represent himself, (4) for appointment of new counsel, (5) for preparation of a supplemental probation report, and (6) to strike the prior conviction allegation pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The sentencing court denied each motion. It concluded Lesopravsky's self-representation request was untimely, and a supplemental probation report was unnecessary.

The court then sentenced Lesopravsky to a total term of eight years in prison, configured as follows. On count 2, transportation of marijuana, the court imposed the upper term of four years, doubled pursuant to the Three Strikes law. It selected the upper term because Lesopravsky had an "extensive" criminal history; he was on formal probation when he committed the instant crime; his conduct in the evading offense endangered the public; he was on bail in another felony matter at the time he committed the instant offenses; and there were no factors in mitigation. On count 1, evading an officer, the court imposed the middle term of two years, doubled pursuant to the Three Strikes law, to run concurrently with sentence in count 2. The court struck the bail and

3

prior prison term enhancements.  It imposed a restitution fine of $300 (Pen. Code,
§ 1202.4, subd. (b)); a stayed parole restitution fine in the same amount (Pen. Code,
§ 1202.45); a $60 criminal conviction assessment (Gov. Code, § 70373); and an $80
court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)).  It awarded 356 days of
presentence custody credit and 356 days of local conduct credit, for a total of 712 days.
Lesopravsky was briefly removed from the courtroom when he was disruptive, and the
trial court deemed him to have waived his appearance for the remainder of the hearing.
He was subsequently returned to the courtroom, whereupon the trial court advised him of
his appeal and parole rights.

Lesopravsky filed a timely notice of appeal on July 3, 2014.  A certificate of
probable cause issued on July 7, 2014, on the issues of denial of his motions to withdraw
his plea, for appointment of new counsel to handle the motion to withdraw the plea, and
his self-representation request.  (Pen. Code, § 1237.5, subd. (b).)

DISCUSSION

After review of the record, Lesopravsky's court-appointed counsel filed an
opening brief which raised no issues, and requested this court to conduct an independent
review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  On
November 7, 2014, we advised appellant that he had 30 days to submit by brief or letter
any contentions or argument he wished this court to consider.

On December 4, 2014, Lesopravsky filed a 39-page supplemental brief with this
court.  On December 17, 18, and 26, 2014, Lesopravsky filed additional handwritten
supplemental briefs or letters, which we accepted for filing despite their untimeliness.
Lesopravsky appears to raise the following issues, none of which have merit.

First, Lesopravsky contends his counsel provided ineffective assistance by failing
to negotiate a more favorable plea agreement and by misleading him regarding the
likelihood that the sentencing court would strike the prior conviction allegation.
(*Missouri v. Frye* (2012) __ U.S. __ [132 S.Ct. 1399, 1405-1408]; *Strickland v.
Washington* (1984) 466 U.S. 668, 687; *In re Alvernaz* (1992) 2 Cal.4th 924, 933.)
However, Lesopravsky's conclusory contentions are not borne out by the record on

4

appeal.  His claims are based on matters outside the record and can be raised, if at all, in a petition for writ of habeas corpus.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264*,* 266-267; *People v. Williams* (2013) 56 Cal.4th 630, 690-691.)

There is no merit to Lesopravsky's apparent contention that his plea was not knowing or voluntary.  The trial court apprised Lesopravsky of his rights to jury trial, to confront witnesses, and against self-incrimination, and Lesopravsky waived those rights.  The court informed Lesopravsky, among other things, that he faced a potential sentence of 12 years 4 months.  It clearly and repeatedly stated that the sentencing court had discretion to strike the prior conviction allegation, but there was no guarantee it would do so.  The record affirmatively shows Lesopravsky's plea and admission of the prior conviction and bail allegations were voluntary and intelligent under the circumstances.  (*People v. Howard* (1992) 1 Cal.4th 1132, 1175; *People v. Mosby* (2004) 33 Cal.4th 353, 359-360.)

Lesopravsky has failed to meet his burden to demonstrate by clear and convincing evidence that good cause existed to withdraw his plea.  (Pen. Code, § 1018; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.)  The record does not show he was operating under mistake, ignorance, duress, or any other factor overcoming the exercise of his free judgment.  (*People v. Breslin, supra,* at p. 1416.)  A plea may not be withdrawn simply because a defendant has changed his mind, or did not receive as lenient a sentence as he hoped.  (*Id*. at pp. 1416-1417; *People v. Caruso* (1959) 174 Cal.App.2d 624, 642 ["The fact that the defendant is disappointed in the sentence he received following a plea of guilty presents no ground for the exercise of the judicial discretion to permit the plea of guilty to be withdrawn"]; *People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.)  Because Lesopravsky did not request that the trial court appoint new counsel to handle the motion to withdraw the plea on the ground current counsel had provided ineffective assistance, the court was under no duty to hold a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  (See generally *People v. Sanchez* (2011) 53 Cal.4th 80, 89-90.)

Nor did the trial court abuse its discretion by denying Lesopravsky's *Faretta* request. Lesopravsky's request was equivocal and untimely. (*People v. Doolin* (2009) 45 Cal.4th 390, 453-455.) A motion made in passing anger or frustration, an ambivalent motion, or one made for the purpose of delay or to frustrate the orderly administration of justice may be denied. (*People v. Marshall* (1997) 15 Cal.4th 1, 23.)

The sentencing court did not abuse its discretion by declining to strike the prior conviction allegation pursuant to *People v. Superior Court (Romero), supra,* 13 Cal.4th 497. The record demonstrates Lesopravsky clearly falls within the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Lesopravsky's assertion that his sentence is legally impossible likewise lacks merit. The trial court imposed the high term of four years on count 2, transportation of marijuana. Health and Safety Code section 11360, subdivision (a), expressly provides for a sentence of 2, 3, or 4 years, and the sentence was properly doubled pursuant to the Three Strikes law. (Cal. Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) His sentence on count 1 was ordered to run concurrently to sentence on count 2. No error appears, and this court has no authority to order a reduced sentence for defendant.

Lesopravsky's challenge to the validity of his prior conviction for burglary is barred by his admission that he suffered the conviction. (See *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

Lesopravsky's contention that he was innocent of the charges to which he pleaded is not cognizable on appeal. The issues cognizable on appeal after a defendant enters a plea are limited, whether or not the defendant obtains a certificate of probable cause. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1177-1178 [because a plea admits every element of the crime and constitutes a conviction, "issues going to the determination of guilt or innocence are not cognizable on appeal; review is instead limited to issues going to the jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea"].)

Contrary to Lesopravsky's apparent suggestion, the record does not reflect prosecutorial or judicial misconduct. (See generally *People v. Adams* (2014) 60 Cal.4th 541, 568; *People v. Maciel* (2013) 57 Cal.4th 482, 533.)

The portions of the record Lesopravsky contends are missing, such as notes and records of plea negotiations, are not generally a part of the record on appeal. (Cal. Rules of Court, rule 8.610.) The record in Lesopravsky's other cases is not germane to the issues presented in the instant matter.

The trial court did not err by failing to order a supplemental probation report (Cal. Rules of Court, rule 4.411(c)), because Lesopravsky was statutorily ineligible for probation. (Pen. Code, § 667, subd. (c)(2); *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180.) Moreover, it is not reasonably probable Lesopravsky would have been granted probation or received a more favorable sentence had a supplemental probation report been prepared. (*People v. Dobbins, supra,* at p. 183; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

To the extent Lesopravsky intends to argue that a competency hearing was required, he is incorrect. Such a hearing is not required as a matter of course, but only when the trial court is presented with substantial evidence that raises a reasonable doubt concerning the defendant's competence to stand trial. (Pen. Code, § 1368, subd. (a); *People v. Ary* (2011) 51 Cal.4th 510, 517; *People v. Halvorsen* (2007) 42 Cal.4th 379, 401.) No evidence suggested Lesopravsky was incompetent at sentencing or when entering his plea. To the contrary, the record amply demonstrates he had the ability to consult with his lawyer with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against him. (See *People v. Ary, supra,* at p. 517.)

To the extent Lesopravsky intends to assert additional claims, they are devoid of legal or evidentiary support, or are based on matters outside the record and can be raised, if at all, in a petition for writ of habeas corpus. (*People v. Mendoza Tello, supra,* 15 Cal.4th at pp. 266-267; *People v. Williams, supra,* 56 Cal.4th at pp. 690- 691.)

7

We have examined the entire record and defendant's written contentions, and are satisfied Lesopravsky's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.


We concur:


EDMON, P. J.



EGERTON, J.[*]

---

[*]     Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.