Filed 1/8/16  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LUKE MATTHEW JACKSON, JR.<br><br>        Defendant and Appellant. | C078294<br><br>(Super. Ct. No. CRF14098) |

Defendant Luke Matthew Jackson, Jr., admitted violating the terms of his mandatory supervision in exchange for the People dismissing a pending charge and referring the matter to the Yuba County Probation Department for a recommendation on sentencing.  Despite an initial indication from the trial court that it would follow probation's recommendation of reinstatement of supervision, the trial court ultimately revoked supervision and imposed defendant's previously suspended jail sentence of 1,260 days.

1

Defendant appeals, arguing that the trial court's indication that it would follow probation's recommendation was a term of the plea agreement and the subsequent breach of that term entitles him to specific performance of the agreement on appeal. Defendant also contends the trial court erred in revoking his mandatory supervision without obtaining a written supplemental probation report. Lastly, defendant argues the court's decision to revoke his mandatory supervision amounted to an abuse of discretion. Finding no merit in these arguments, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2014, defendant pled no contest to transportation of methamphetamine and admitted a prior drug crime conviction in exchange for the dismissal of his remaining charge with a *Harvey*[1] waiver. The trial court imposed a split sentence of four years, with defendant serving 180 days in jail and the balance on mandatory supervision. Under the terms of his mandatory supervision, defendant was required to obey all laws; participate in, and successfully complete, a treatment and educational program; submit to drug testing as required by his probation officer; and abstain from using controlled substances.

On November 10, 2014, the probation officer filed a petition seeking the revocation of defendant's mandatory supervision. The petition alleged defendant committed six violations of the terms of his supervision: testing positive for marijuana on August 28, 2014; testing positive for amphetamines and opiates on September 11, 2014; failing to report for drug testing on five occasions; being terminated from the probation department's day reporting center for excessive unexcused absences; and transportation and possession of marijuana on November 2, 2014.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

Defendant was arraigned on the petition and initially denied the allegations. Shortly thereafter, on December 10, 2014, defendant admitted the violations outlined in the probation officer's petition in exchange for a dismissal of the possession of marijuana charge and under the condition the matter would be referred back to his probation officer, who had already indicated he would recommend the court reinstate defendant's mandatory supervision . The trial court approved the agreement, indicated it would follow the probation officer's recommendation, and referred the matter to the probation officer for a report on judgment and sentencing.

When the court and the parties reconvened on January 5, 2015, the probation officer informed the court that due to a calendaring error, he had not filed a written supplemental report for sentencing. The trial court was satisfied with the probation officer providing an oral recommendation, but requested a one paragraph document be submitted formalizing the recommendation. On January 6, 2015, probation submitted a one-page document indicating its recommendation that defendant be reinstated on mandatory supervision, and the probation officer later orally confirmed this recommendation on two occasions.

At the sentencing hearing on January 20, 2015, the trial court stated that it would not follow the probation officer's recommendation as initially suggested because upon reviewing the police report from the dismissed marijuana possession and transportation offense, the court deemed defendant unsusceptible to supervision. The trial court thus sentenced defendant to serve the remainder of his 1,260-day jail sentence. This timely appeal followed.

DISCUSSION

I

*Defendant Is Not Entitled To Specific Performance Of The Plea Agreement*

Defendant argues the trial court's failure to reinstate him on mandatory supervision constituted a breach of his plea agreement and entitles him to specific performance of the agreement on appeal. We disagree.

We will assume, without deciding, that defendant is correct in asserting the trial court's statement that it would "go along with" the probation officer's recommendation for reinstatement of supervision was indeed a term of the plea agreement that was therefore breached when the trial court imposed a jail sentence. We cannot conclude, however, the trial court's failure to sentence in accordance with that presumed term of the agreement warrants the only remedy defendant seeks, which is specific performance.

Citing *People v. Kaanehe* (1977) 19 Cal.3d 10, 13, defendant argues that "[w]hen the breach [of a plea agreement] is a refusal by the court to sentence in accord with the agreed upon recommendation, specific enforcement would entail an order directing the judge to resentence the defendant in accord with the agreement." Defendant's reliance on this statement is misplaced because he has taken the statement out of context. In making this statement, the court was *not* stating that specific performance is generally available as a remedy when a trial court refuses to sentence in accordance with an agreed upon recommendation. Instead, the court was only explaining what the remedy of specific enforcement would entail if it *were* available in that context. The *Kaanehe* court explained that the rule is actually contrary to what defendant suggests it is -- specifically, "a defendant should not be entitled to enforce an agreement between himself and the prosecutor calling for a particular disposition against the trial court absent very special circumstances," and "[t]he preferred remedy in that context is to permit a defendant to withdraw his plea and to restore the proceedings to the original status quo." (*Id.* at pp.

4

13-14.)  The court explained that "[s]pecific enforcement of a particular agreed upon disposition must be strictly limited because it is not intended that a defendant and prosecutor be able to bind a trial court which is required to weigh the presentence report and exercise its customary sentencing discretion."  (*Id.* at p. 14.)

Here, ordering specific performance of the supposed plea agreement would prevent the trial court from exercising its customary sentencing discretion by forcing the court to impose mandatory supervision after the court determined that disposition was inappropriate given the court's review of the police report from defendant's dismissed possession and transportation of marijuana charge.  Defendant has not articulated or attempted to establish any special circumstances that might support specific enforcement of the agreement, and we do not find any such circumstances from the record.  Accordingly, the only relief defendant has requested is not available to him.

II

*The Trial Court's Revocation Of Defendant's Mandatory Supervision*

*Without Obtaining A Written Supplemental Probation Report Was Harmless*

Defendant contends the trial court erred by sentencing him without obtaining a written supplemental report from the probation officer.  The People argue defendant forfeited his right to complain on appeal about the lack of a written supplemental probation report by failing to the address the issue at the time of sentencing.  We conclude defendant has not forfeited his argument, but any error was harmless.

A

*Defendant Did Not Forfeit His Right To Challenge*

*The Lack Of A Written Supplemental Probation Report*

The People contend defendant's "failure to object and failure to accept the court's offer of more time to obtain a written supplemental report" forfeits defendant's claim on appeal.  We disagree.

5

"The preparation of [a probation] report or the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys . . . or [by] an oral stipulation in open court that is made and entered upon the minutes of the court." (Pen. Code, § 1203, subd. (b)(4).) "To apply the forfeiture doctrine in this context would result in an effective waiver of a probation report in a manner not countenanced by [Penal Code] section 1203, subdivision (b)(4)." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 182.) Finding no written or oral stipulation waiving the report in the record, we conclude defendant did not waive his right to a written supplemental probation report at the time of sentencing, nor has he forfeited his right to bring his claim on appeal.

B

*Any Error In The Trial Court's Failure To Obtain*

*A Written Supplemental Probation Report Was Harmless*

Under California Rules of Court, rule 4.411(c), "the court must order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared." The Advisory Committee comment to the rule provides as follows: "If a full report was prepared in another case . . . within the preceding six months, during which time the defendant was in custody, and that report is available to the Department of Corrections and Rehabilitation, it is unlikely that a new investigation is needed." (Advisory Com. com., West's Cal. Rules of Court, foll. rule 4.411(c).)

Relying on *Dobbins*, defendant argues the six-month and three-week period of time between his original probation report and his subsequent sentencing proceeding constituted a significant period of time within rule 4.411(c), and thus a supplemental report should have been prepared and reviewed. In *Dobbins*, we held the trial court erred in imposing defendant's sentence without obtaining a supplemental report when the

6

original report was submitted eight months prior. (*People v. Dobbins*, *supra*, 127 Cal.App.4th at p. 181.) We explained as follows: "[t]his period was well in excess of the six months referred to by the Advisory Committee, and it included approximately two months when [the] defendant was not under the watchful eyes of custodial authorities but was rather released on probation." (*Ibid.*)

We then analyzed the trial court's error under the *Watson*[2] harmless error standard and concluded there was no reasonable probability of a result more favorable to defendant had the error not occurred. (*People v. Dobbins*, *supra*, 127 Cal.App.4th at pp. 182-183.) In supporting this conclusion, we stated as follows: "The original probation report apprised the trial court of defendant's background and other relevant information. And his record was such (including as it did numerous violations and periods of incarceration) that there was little justification for a further grant of probation. Moreover, the trial court was aware . . . that defendant's conduct while on probation had been poor. The judge who sentenced defendant was the same judge who presided over the trial and was thus intimately acquainted with the facts underlying his violation of probation, which involved use of a weapon. Considering these circumstances, there is no reason to believe that additional information would have led to reinstatement of probation." (*Id.* at. p. 183.)

Here, the original probation report was filed more than six months prior to defendant's sentencing hearing following his probation violations. We need not decide whether this period of time amounted to a "significant period of time" within the meaning of rule 4.411(c) because we conclude any error in not obtaining a supplemental report was harmless. As in *Dobbins*, the judge presiding over defendant's sentencing was "intimately acquainted" with defendant's case given that she presided over his initial

---

[2]     *People v. Watson* (1956) 46 Cal.2d 818.

7

sentencing on the transportation of methamphetamine charge and read the police report describing his probation violation for possessing and transporting marijuana. (*People v. Dobbins*, *supra*, 127 Cal.App.4th at p. 183) Additionally, the original probation report read by the court detailed defendant's extensive criminal record and provided other relevant background information about defendant. Lastly, the trial court was aware of his poor behavior while on probation considering that the probation officer's petition stated numerous violations of his supervision, all of which defendant admitted, and the original probation report detailed his prior probation and parole violations. From these facts, we cannot conclude there is a reasonable probability defendant would have been reinstated on mandatory supervision had the probation officer filed a written supplemental report.

III

*The Trial Court Did Not Abuse Its Discretion When It Imposed A Jail*
*Sentence Instead Of Reinstating Defendant's Mandatory Supervision*

Defendant contends the trial court abused its discretion by revoking his mandatory supervision against the recommendation of his probation officer. We disagree.

" 'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' " (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.)

Defendant fails to articulate any facts showing how the trial court's refusal to follow the probation officer's recommendation constituted an abuse of discretion. Upon reviewing the record, we conclude the trial court considered a multitude of information upon which it could reasonably find defendant unsuitable for further supervision. The

8

trial court read and reviewed the original probation report, which detailed defendant's 22 years of criminal history including five felonies and many misdemeanors. The trial court was additionally apprised of defendant's record for poor behavior while on supervision and heard arguments for and against his reinstatement by the People, defense counsel, and the probation officer.

Notwithstanding this information, the trial court stated it initially "viewed the [d]efendant favorably," but upon reading the police report stemming from defendant's dismissed possession and transportation of marijuana charge, the court found defendant unsuitable for probation. The trial court noted "there's no point" to reinstating defendant on probation given his evasive behavior with the police officers and considered further supervision a "wast[e] [of] everybody's time." Given the trial court's broad latitude in sentencing determinations and defendant's continuous inability to reform his behavior to that of a law-abiding citizen, we cannot conclude the trial court's decision to reinstate defendant's jail sentence in lieu of further mandatory supervision was so " 'arbitrary or capricious' " as to amount to an abuse of discretion. (*People v. Downey*, *supra*, 82 Cal.App.4th at p. 909.)

## DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Nicholson, Acting P. J.

/s/
Mauro, J.

9