[No. C046381. Third Dist. Feb. 28, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
CLARENCE RAY DOBBINS, Defendant and Appellant.

## Counsel

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Mary Jo Graves, Assistant Attorneys General, Janis Shank McLean and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMS, Acting P. J.**—On July 3, 2003, defendant Clarence Ray Dobbins pled no contest to possession of a controlled substance. (Health & Saf. Code, § 11350, subd. (a).) Pursuant to a negotiated plea agreement, the trial court sentenced him to the 16-month lower term but suspended execution of the sentence and granted probation pursuant to Proposition 36. (See Pen. Code, § 1210.1; undesignated section references are to the Penal Code.) Defendant violated probation by committing new offenses. At a hearing on March 15, 2004, the trial court ordered him to serve the 16-month prison sentence.

On appeal, defendant claims the trial court erred by failing to order and consider an updated or supplemental probation report before declining any further grant of probation. We conclude that the court erred but find the error to be harmless considering the peculiar facts of this case. Accordingly, we shall affirm the judgment.

### BACKGROUND

The initial probation report was signed by the probation officer and dated July 17, 2003, shortly before the first sentencing hearing. It reflects that defendant's adult record includes at least six felonies and four misdemeanors. He had been sentenced to state prison on five occasions and had also violated parole multiple times, resulting in recommitments to prison.

On September 25, a little more than two months after the probation report was prepared, defendant was arrested and charged with new offenses. A Proposition 36 progress report by defendant's probation officer, dated October 10, 2003, indicated defendant had also not kept in contact with the probation department since August 15 and had failed to drug test, and that he had tested positive for cocaine on August 4. But the prosecutor subsequently filed a motion asking the trial court to find defendant in violation of probation based solely on his commission of the new offenses.

Defendant remained in custody pending trial on the new charges. The jury trial involved two felony charges: assault with a deadly weapon (§ 245, subd. (a)(1)) and attempted robbery (§§ 211, 664) with a deadly or dangerous weapon. The violation of probation was heard concurrently (by the trial judge) with the trial on the new charges.

According to the victim's testimony, defendant approached her while she was sitting on her car and smoking. She was suspicious because he was mumbling and acting strangely. The victim reached into her purse, took out her pepper spray, and concealed it in her hand. Defendant asked for a cigarette. The victim refused in a loud voice and told defendant her husband did not support other people's smoking habits. Defendant pulled out a steak knife and pointed it toward her. He demanded "a fucking cigarette." The victim held up her pepper spray and again refused. Defendant swore at the victim and walked away. He approached another woman, who the victim heard yell: "[Y]ou scared the hell out of me, and I don't even smoke. Get out of here." The victim could see the knife in defendant's back pocket after he walked away. Police subsequently arrested him and found the knife in his pocket.

The jury deadlocked, and a mistrial was declared. However, at a hearing on March 15, 2004, the trial court concluded defendant committed the new offenses based on a preponderance of the evidence and found him in violation of probation. The court noted it had reviewed and considered the probation report. The court emphasized defendant's commission of the new offenses as well as the fact he had "been to state prison six times" (or had "six state prison priors") and had failed a drug test while on probation.[1] With respect to defendant's new criminal conduct, the court said it did not think it "was the most serious offense on the face of the earth." The court commented that it had thought "there should have been some resolution short of what [the prosecution] offered," considering the crime involved a cigarette. But the court also noted a weapon was involved. The court then denied probation and imposed the previously suspended 16-month sentence.

The prosecutor dismissed the new criminal charges against defendant.

## DISCUSSION

Defendant claims the trial court erred by failing to order and consider an updated or supplemental probation report.

---

[1] Defendant claims he has only been to state prison five times. But even though he was sentenced to prison on five occasions, he was sentenced for six felony offenses and was also returned to prison for parole violations.

Preliminarily, we note that case law has recognized that a probation report is not necessarily required if defendant is statutorily ineligible for probation, for example, because of a prior strike. (See, e.g., *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1431–1432 [83 Cal.Rptr.2d 423]; *People v. Llamas* (1998) 67 Cal.App.4th 35, 39–40 [78 Cal.Rptr.2d 759].) This is consistent with section 1203, subdivision (b)(1), which provides in pertinent part that the trial court shall order a probation report "before judgment is pronounced" for persons "convicted of a felony" who are "eligible for probation." But here, the court had discretion to allow a further grant of probation subject to the same or modified conditions. (See § 1210.1, subd. (e)(2).) Accordingly, we must address defendant's argument that the trial court erred by proceeding without a current report or obtaining an express waiver.

■ Statutory authority and the California Rules of Court specify the circumstances under which the trial court must prepare a supplemental or updated report. Section 1203.2, subdivision (b), requires referral to the probation officer, preparation of a written report, and its consideration by the court upon a petition for revocation of probation.[2] But a supplemental or updated report is not necessarily needed in some cases where a recent report has been prepared that may be incorporated by reference. Notably, California Rules of Court, rule 4.411(c) provides: "The court shall order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared." Relying on the rule, defendant argues that an updated or supplemental report was needed here because a significant time had passed since the original report was prepared.

Was the eight-month period of time between the original probation report and defendant's resentencing a "significant period of time" within the meaning of California Rules of Court, rule 4.411(c)?

---

[2] Section 1203.2, subdivision (b), provides in part: "Upon its own motion or upon the petition of the probationer, probation officer or the district attorney of the county in which the probationer is supervised, the court may modify, revoke, or terminate the probation of the probationer pursuant to this subdivision. The court shall give notice of its motion, and the probation officer or the district attorney shall give notice of his or her petition to the probationer, his or her attorney of record, and the district attorney or the probation officer, as the case may be. The probationer shall give notice of his or her petition to the probation officer and notice of any motion or petition shall be given to the district attorney in all cases. The court shall refer its motion or the petition to the probation officer. *After the receipt of a written report from the probation officer, the court shall read and consider the report* and either its motion or the petition and may modify, revoke, or terminate the probation of the probationer upon the grounds set forth in subdivision (a) if the interests of justice so require." (Italics added.)

The Advisory Committee Comment to the rule suggests that a period of more than six months may constitute a significant period of time, even if the defendant remains incarcerated and under the watchful eyes of correctional authorities. The Advisory Committee Comment provides in pertinent part: "Subdivision (c) is based on case law that generally requires a supplemental report if the defendant is to be resentenced a significant time after the original sentencing, as, for example, after a remand by an appellate court, or after the apprehension of a defendant who failed to appear at sentencing. The rule is not intended to expand on the requirements of those cases. [¶] The rule does not require a new investigation and report if a recent report is available and can be incorporated by reference and there is no indication of changed circumstances. This is particularly true if a report is needed only for the Department of Corrections because the defendant has waived a report and agreed to a prison sentence. *If a full report was prepared in another case in the same or another jurisdiction within the preceding six months, during which time the defendant was in custody, and that report is available to the Department of Corrections, it is unlikely that a new investigation is needed.*" (Advisory Com. com., West's Cal. Rules of Court (2005 ed.) foll. rule 4.411, p. 271, italics added.)

Here, the original probation report was prepared approximately eight months before the sentencing hearing at issue. This period was well in excess of the six months referred to by the Advisory Committee, and it included approximately two months when defendant was not under the watchful eyes of custodial authorities but was rather released on probation, when he committed the conduct for which his probation was revoked. Accordingly, we hold the trial court erred by proceeding without ordering a supplemental or updated report.[3]

Citing *People v. Johnson, supra,* 70 Cal.App.4th 1429, 1431–1432, *People v. Myers* (1999) 69 Cal.App.4th 305, 311 [81 Cal.Rptr.2d 564], *People v. Llamas, supra,* 67 Cal.App.4th 35, 39, *People v. Oseguera* (1993) 20 Cal.App.4th 290, 293 [24 Cal.Rptr.2d 534], and *People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1554–1556 [1 Cal.Rptr.2d 507], the People argue defendant has forfeited his right to complain about the lack of a supplemental probation report because he did not request such a report at trial.

---

[3] Our decision is necessarily predicated on the facts of this case, and we have no occasion to decide whether a supplemental or updated probation report might be warranted if less time had passed and/or defendant had not been released on probation.

However, *People v. Johnson, supra,* 70 Cal.App.4th 1429, *People v. Myers, supra,* 69 Cal.App.4th 305, and *People v. Llamas, supra,* 67 Cal.App.4th 35, are cases in which the defendant was statutorily ineligible for probation, so no report was mandated. (See *People v. Webb* (1986) 186 Cal.App.3d 401 [230 Cal.Rptr. 755].) *People v. Oseguera, supra,* 20 Cal.App.4th 290, and *People v. Begnaud, supra,* 235 Cal.App.3d 1548, fail to consider the later enactment, by the Legislature, of subdivision (b)(4) of section 1203 in 1996. (Stats. 1996, ch. 123, § 1.) That subdivision provides as follows: "The preparation of the report or the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that there shall be no waiver unless the court consents thereto. However, if the defendant is ultimately sentenced and committed to the state prison, a probation report shall be completed pursuant to Section 1203c."

■ We find this language to be straightforward and unambiguous. Here, the prosecuting and defense attorneys entered no written stipulation of waiver of a written report nor was such a stipulation made orally in open court. The evident intention of section 1203, subdivision (b)(4), is to clarify how waiver of a probation report may occur and to give the trial judge a chance to veto any waiver. In light of the clear command of this statute, defendant did not waive a probation report. Nor has he forfeited his claim on appeal. To apply the forfeiture doctrine in this context would result in an effective waiver of a probation report in a manner not countenanced by section 1203, subdivision (b)(4). The aim of the statute would be subverted.

■ Defendant suggests reversal is automatic. On this point, however, we disagree. We perceive no federal constitutional right to a supplemental probation report. Because the alleged error implicates only California statutory law, review is governed by the *Watson* harmless error standard. (See *People v. Watson* (1956) 46 Cal.2d 818, 834–836 [299 P.2d 243]; see also *People v. Mower* (2002) 28 Cal.4th 457, 484 [122 Cal.Rptr.2d 326, 49 P.3d 1067].) That is, we shall not reverse unless there is a reasonable probability of a result more favorable to defendant if not for the error. (*Watson, supra,* at p. 836.) And this is not a case in which we must speculate concerning how information in a probation report could have affected the trial court's decision. (Cf. *People v. Mercant* (1989) 216 Cal.App.3d 1192, 1196 [265 Cal.Rptr. 315], disapproved on other grounds in *People v. Bullock* (1994) 26 Cal.App.4th 985, 987–990 [31 Cal.Rptr.2d 850]; see also *People v. Mariano* (1983) 144 Cal.App.3d 814, 824–825 [193 Cal.Rptr. 47] ["where a

current probation report is required, that right is considered fundamental and its abridgement is generally treated as reversible error"].) Considering the peculiar facts of this case, there is no doubt the result would have been the same if a supplemental probation report had been prepared. We explain.

The original probation report apprised the trial court of defendant's background and other relevant information. And his record was such (including as it did numerous parole violations and periods of incarceration) that there was little justification for a further grant of probation. Moreover, the trial court was aware from the Proposition 36 status report and from the trial that defendant's conduct while on probation had been poor. The judge who sentenced defendant was the same judge who presided over the trial and was thus intimately acquainted with the facts underlying his violation of probation, which involved use of a weapon. Considering these circumstances, there is no reason to believe that additional information would have led to reinstatement of probation.

However, defendant attempts to bolster his argument by suggesting the trial court's decision was based in part on misapprehensions.

First, he points out that the Proposition 36 progress report did not recommend refusing to reinstate defendant on probation for the failed urine test. This is irrelevant. It is most likely defendant was not charged with an additional probation violation because the conduct at issue involved a drug-related probation condition, and under Proposition 36 would probably not have itself warranted revocation of probation. (See § 1210.1, subd. (e).) Of course, this does not mean the trial court could not take into account the test in revoking and declining to reinstate probation based on defendant's commission of new offenses.

Second, defendant notes there was a reference in the progress report to his "satisfactory" progress, which he claims "the trial court never acknowledged." But the report also refers to his "unsatisfactory" progress and it appears in context that his "satisfactory" progress related solely to his enrollment in drug treatment. In any event, defendant's progress on probation was undoubtedly unsatisfactory by any measure.

It is not reasonably probable defendant would have been granted probation had a supplemental probation report been prepared. (*People v. Watson, supra,* 46 Cal.2d 818, 836.)

## DISPOSITION

The judgment is affirmed.

Hull, J., and Robie, J., concurred.