Filed 12/30/13  P. v. Korhonen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070697 |
| v. | (Super. Ct. Nos. 10F3500, 09F4393) |
| TREVOR JOHN KORHONEN, | |
| Defendant and Appellant. | |

Defendant Trevor John Korhonen appeals the prison sentence imposed following the court's revocation of his probation.  He contends a remand for resentencing is required because the trial court erred in failing to order a supplemental probation report.  We conclude the trial court did not err because defendant was statutorily ineligible for probation.  Even if we assumed the trial court erred by not ordering a supplemental probation report, any error was harmless.  Accordingly, we affirm the judgment.

1

BACKGROUND

Since this appeal involves a sentencing issue only, a detailed recitation of background facts is unnecessary.

In April 2010, defendant pled guilty in case No. 09F4393 to transporting methamphetamine and admitted a prior strike conviction, in exchange for a six-year maximum prison sentence. Defendant filed a *Romero*[1] motion asking the trial court to dismiss his prior strike offense, so he could be eligible for probation.

While defendant was on bail pending disposition of his *Romero* motion and sentencing, a presentence report was prepared and submitted to the trial court (the April 2010 probation report), and defendant was arrested and charged in case No. 10F3500 with possessing methamphetamine, as to which it was also alleged he had suffered a prior strike conviction.

Defendant was convicted by a jury in case No. 10F3500 of possessing methamphetamine. The trial court found true allegations defendant committed the offense while on bail and had suffered a prior strike conviction. A second presentence report was prepared and submitted (the October 2010 report). Defendant filed a second *Romero* motion, asking the court to strike his prior strike conviction and/or reduce to a misdemeanor his conviction for possessing methamphetamine.

At the November 2010 sentencing hearing on both cases, the trial court declined to rule on defendant's *Romero* motions. Instead, it deferred imposition of sentence for one year, and granted defendant probation contingent upon his agreement to enter the drug treatment program Teen Challenge. Describing as a "likelihood" that it would not strike defendant's prior strike, the trial court also indicated it would likely impose the

---

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

recommended midterm sentence of nine years, four months, or the upper term of eleven years, four months, if defendant failed to enroll and comply with the program: "You know, the likelihood if you didn't comply with this is that you would not do just necessarily the 9 years, but you might do the full count, the full-blown. I like giving people a chance, but I also have no compunction whatsoever in sentencing them to the maximum term if they blow smoke in my face, so to speak. [¶] So you'd be given the option to do this. But one false move on your part in terms of this program, and that would be the end of your options."

Defendant did not enroll in Teen Challenge, and failed to appear at the November 2011 court date scheduled for imposition of sentence. At the March 2012 hearing, defendant was sentenced in both cases. The trial court denied defendant's long-pending *Romero* motions, based on the offenses committed by defendant, "the fact that he had been in a regular mode for committing offenses," and his performance on probation was poor. The court then stated it had reread and considered the October 2010 presentencing report. Noting defendant had immediately "thumb[ed his] nose" at the opportunity given by the court in November 2010 to avoid state prison, the court found defendant's past record and the prior strike rendered him ineligible for probation. Defendant was sentenced to serve an aggregate prison term of eleven years, four months: in case No. 09F4393, the court imposed the upper term of four years, doubled by virtue of the strike to eight years; in case No. 10F3500, it imposed one-third the midterm, doubled, plus a two-year on-bail enhancement.

DISCUSSION

Defendant's sole argument on appeal is that the trial court erred by imposing sentence following revocation of his probation without first obtaining a supplemental

3

probation report. He asserts he was prejudiced by this error and asks that we remand the matter for resentencing.

Defendant contends Penal Code section 1203, subdivision (b)(1), required the trial court to have a current probation report before it sentenced him. That section provides: "[I]f a person is convicted of a felony and *is eligible for probation*, before judgment is pronounced, the court shall immediately refer the matter to a probation officer" to prepare a report. (Pen. Code, § 1203, subd. (b)(1), italics added.) California Rules of Court, rule 4.411(c) provides that "[t]he court must order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared." The Advisory Committee comment to the rule "suggests that a period of more than six months may constitute a significant period of time." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 181.) Here, the most recent probation report was prepared 17 months before the sentencing actually took place. Defense counsel did not object to the trial court's failure to request an updated report. But when a defendant is eligible for probation, this error cannot be forfeited by silence; it can be waived only expressly and on the record. (Pen. Code, § 1203, subd. (b)(4); *People v. Dobbins*, *supra*, 127 Cal.App.4th at pp. 181-182.)

The People respond that none of these requirements applies because defendant was statutorily ineligible for probation. Penal Code section 667, subdivision (c)(2), states that if a defendant has one or more serious and/or violent prior felony convictions, probation for the current offense "shall not be granted." Because defendant has a prior strike conviction, he was statutorily ineligible for probation, and a probation report was not required. (*People v. Dobbins, supra,* 127 Cal.App.4th at p. 180 ["case law has recognized that a probation report is not necessarily required if defendant is statutorily ineligible for probation, for example, because of a prior strike"]; see also *People v.*

4

*Johnson* (1999) 70 Cal.App.4th 1429, 1431-1432 [probation reports are discretionary when the defendant is ineligible for probation].)

Anticipating the People's response, defendant contends a supplemental probation report was required because he *would have been eligible* for probation had the trial court granted the *Romero* motions pending prior to sentencing. Nothing in the record suggests the trial court intended to grant defendant's *Romero* motions so as to render him statutorily eligible for probation. To the contrary, in November 2010, when the court agreed to suspend imposition of sentence for one year so that defendant might have the opportunity to enroll in a drug treatment program and long before any need for a supplemental probation report, the court told defendant that -- if he failed to enroll in the program -- it was a "likelihood" the court would thereafter deny his *Romero* motions.

Even assuming the trial court erred in failing to request a supplemental probation report before it denied defendant's *Romero* motions, the error was harmless. There is "no federal constitutional right to a supplemental probation report. Because the alleged error implicates only California statutory law, review is governed by the [*People v.*] *Watson* [(1956) 46 Cal.2d 818] harmless error standard. [Citations.] That is, we shall not reverse unless there is a reasonable probability of a result more favorable to defendant if not for the error. [Citation.]" (*People v. Dobbins, supra*, 127 Cal.App.4th at pp. 182–183 [failure to obtain a new probation report before ordering the execution of a suspended sentence at a probation violation hearing did not require "automatic" reversal, and it was not reasonably probable the defendant would have been granted probation had a new report been obtained]; but see *People v. Mariano* (1983) 144 Cal.App.3d 814, 824-825.)

We reject defendant's assertions that it is reasonably probable a supplemental probation report would have led to a more favorable sentencing result because it would have "filled in the blanks regarding [his] whereabouts and efforts at rehabilitation to

allow the court to make an informed decision" as to whether to strike his prior conviction, to strike the on-bail enhancement, or to sentence defendant to something less than eleven years, four months. From the October 2010 report, the November 2010 proceedings, and the trial court's comments at sentencing, we conclude there was no reasonable probability the trial court would have granted probation or imposed a lesser sentence. The October 2010 report sets forth the circumstances of defendant's crimes and criminal history: defendant's first conviction was in 1997, his last prior felony conviction occurred in 2003, two of his convictions were drug related, and the third felony was an assault (strike). The report also noted that "[d]efendant has not been free from incarceration and serious violation of the law for any substantial time." The trial court made clear when it suspended imposition of sentence for one year in November 2010 that defendant's failure to avail himself of drug treatment would expose him to a maximum term sentence, and warned defendant that "one false move on your part in terms of this program, and that would be the end of your options." At sentencing, the trial court gave no indication a more lenient sentence would be imposed, but reminded the parties of their exchange when it allowed defendant the opportunity to enroll in drug treatment. Moreover, if (as defendant suggests on appeal) there were any favorable new developments in defendant's efforts at rehabilitation, defense counsel had the opportunity to advise the trial court of them, either in writing, by filing a sentencing memorandum, or orally, at the sentencing hearing. He did not do so.

Under the circumstances of this case, there is no reasonable probability the trial court would have imposed a more lenient sentence if a supplemental presentence probation report had been prepared. We therefore conclude the failure to obtain a supplemental probation report, if error, was harmless. (See *People v. Dobbins, supra*, 127 Cal.App.4th at p. 183.)

6

DISPOSITION

The judgment is affirmed.


                                        ____HOCH____, J.



We concur:



____RAYE____, P. J.



____HULL____, J.