Filed 5/8/14  P. v. Grady CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BARBARA GRADY,<br><br>    Defendant and Appellant. | B248812<br><br>(Los Angeles County<br>Super. Ct. No. PA067902) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Lesley C. Green, Judge.  Affirmed.

A. William Bartz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Barbara Grady appeals from the judgment entered after she was convicted of insurance fraud and sentenced to county jail, contending that she is entitled to a new sentencing hearing because the supplemental probation report prepared for the trial court was hopelessly defective. We affirm because the issue was waived below and because any error was harmless.

## FACTS AND PROCEDURAL HISTORY

After her apartment was burgled in January 2008, Barbara Grady submitted a claim for numerous missing items to State Farm Insurance Company (State Farm), which had issued Grady a renter's insurance policy. Grady continued to discover that additional items were missing and supplemented her claim with lists of those items. By June 2009, State Farm had issued three checks totaling approximately $23,000 for losses that Grady had been able to verify.

Grady later submitted numerous receipts for other items she claimed had been taken: $50,000 for items bought at Louis Vuitton; $47,000 for items bought at Crate & Barrel; and $45,000 for items bought at Brooks Brothers. These receipts triggered an investigation by State Farm, which determined that the receipts were phony.

Grady was charged with one count of insurance fraud. She pleaded insanity, and introduced evidence that she had been hospitalized several times for mental illness that manifested itself as auditory hallucinations and paranoia that resulted in the use of poor judgment. A prosecution psychiatric expert testified that Grady was not insane when she committed the crime. The jury convicted Grady of insurance fraud, and, after Grady waived her right to a jury trial on the sanity issue, the trial court found she was sane.

A probation report recommending that Grady be placed on probation if convicted was prepared in April 2011, two months after she was charged. The trial did not take place until April 2013 and the trial court ordered a supplemental probation report, which again recommended that probation be granted. However, at Grady's sentencing hearing the trial court said the supplemental report was deficient because it incorrectly stated that Grady had a pending case with the Oakland Housing Authority and gave no reasons for

2

its recommendation. The trial court said the report appeared to have been prepared quickly and found "that it was unreliable and of no value."

The trial court said it did have the "STATEMENT IN MITIGATION AND IN SUPPORT OF PROBATION" prepared by defense counsel. Grady's lawyer reminded the court that it also had the first probation report, which counsel believed was "somewhat helpful."

Grady's mitigation statement argued that she was worthy of probation for several reasons: (1) her criminal background was minimal and did not show increasing severity; (2) State Farm was not injured;[1] (3) no physical harm was done; (4) the crime occurred due to her mental illness; (5) the crime lacked sophistication; (6) Grady was receiving treatment for her mental illness, which was now under control; (7) her family background and ties made her suitable for probation; and (8) she had a 19-year-old daughter who depended on her for support. Defense counsel amplified those points during the sentencing hearing, adding that Grady was working as a nurse, which would enable her to make restitution payments if any were ordered and to pay for her own lawyer on appeal. He also claimed that the insurance fraud was a discrete act that occurred on a single occasion.

Grady had prior convictions for welfare fraud in 1994 and dissuading a witness from reporting a crime in 1998. The prosecutor reminded the court about those convictions and pointed out that Grady had violated probation in those cases at a time when she was not claiming mental illness. The prosecutor argued this showed that Grady chose to violate the law when she committed her crimes.

The trial court found that probation was not warranted. The court distinguished Grady's mental problems—bipolar disorder, depression, and antisocial personality disorder—from mental illness that led to impulsive behavior and triggered an assault or other impulsive act. Instead, the trial court found that the crime involved careful

---

[1] Although it is not made clear by the parties' briefs, we assume that State Farm did not contend that its $23,000 payments to Grady had been fraudulently obtained, and that State Farm never paid as a result of the fraudulent receipts Grady later submitted.

planning, premeditation, and the intent to deceive State Farm, as evidenced by the many lies she told State Farm investigators. Based on this, the trial court found Grady was not likely to be rehabilitated and would continue to pose a risk of fraudulent conduct if she were on probation. The trial court sentenced her to the midterm of three years, to be served in county jail.

## DISCUSSION

When a defendant is convicted of a felony and is eligible for probation the trial court must order the preparation of a probation report. (Pen. Code, § 1203, subd. (b)(1).)[2] The defendant can waive the right to that report, but only by an oral or written stipulation. (§ 1203, subd. (b)(4).) Under rule 4.411(c) of the California Rules of Court, the trial court must order a supplemental probation report if a significant period of time has elapsed since the original report was prepared. An advisory committee comment on that rule suggests that six months may constitute a significant period of time, and an eight-month time lapse was found sufficient to invoke this rule in *People v. Dobbins* (2005) 127 Cal.App.4th 176, 181 (*Dobbins*).

It is settled that any claimed defects or omissions in a probation report are waived by the failure to object at the sentencing hearing. (*People v. Welch* (1993) 5 Cal.4th 228, 234.) Grady did not object to the defects in the supplemental probation report, and respondent contends she therefore waived any errors in that report. Grady contends that the written or oral waiver stipulation requirement of section 1203, subdivision (e)(4) applies because the report's defects made it tantamount to having no report prepared at all. We disagree. The trial court ordered that the report be prepared and it was. Grady's issue is with its inaccuracies and omissions, a point she effectively concedes in her opening appellate brief, where she argues that her "right to a *correctly done* supplemental probation report was not waived." (Italics added.)

---

**2**      All further section references are to the Penal Code.

4

The court in *Dobbins, supra*, 127 Cal.App.4th at page 182 held that the trial court's failure to order a supplemental probation report is subject to harmless error analysis and may be reversed only if a different result were reasonably probable absent the error. We alternatively conclude that even by viewing this as the unwaived absence of a supplemental probation report, the error was harmless.

The trial judge was the same judge who sentenced Grady, and was therefore familiar with the facts of the case. The trial court had Grady's mitigation statement where she set forth the facts that she claimed justified a grant of probation. Most of those facts concerned her claimed mental illness, an issue that was tried and adjudicated by the same judge, making her intimately familiar with the facts. Defense counsel argued these points at length at the sentencing hearing. Grady had two prior convictions, one of which involved fraud, and in both cases she violated probation. On this record, we conclude that it is not reasonably probable the trial court would have changed its mind and granted probation had a more thorough and accurate supplemental probation report been prepared. (*Dobbins, supra*, 127 Cal.App.4th at pp. 182-183.)

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.