Filed 5/19/16  P. v. Estrada CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL ESTRADA III,<br><br>    Defendant and Appellant. | C079390<br><br>(Super. Ct. No. SF124592A) |

Defendant Manuel Estrada III was placed on probation following a guilty plea to several counts.  Twenty months later, he was found in violation of probation and sentenced to a three-year prison term.  On appeal, defendant argues the trial court erred in denying his request for a supplemental probation report prior to resentencing.  The People concede error, and we agree.  We remand for resentencing.

1

# BACKGROUND

In September 2013, defendant pled guilty to corporal injury to a spouse (Pen. Code, § 273.5, subd. (a); count 1),[1] misdemeanor criminal threats (§ 422; count 3), and misdemeanor dissuading a witness or victim from reporting a crime (§ 136.1, subd. (b)(1); count 4). In exchange, various counts were dismissed and other counts were reduced to misdemeanors.

The trial court suspended imposition of sentence and placed defendant on probation. The court ordered defendant to serve 365 days in jail on count 1 and 90 days consecutive on count 3. The court also ordered defendant to complete a 52-week domestic violence program and stay 100 yards away from the victim and have no contact with her. The parties waived the preparation of a probation report.

Nearly 20 months later, in May 2015, the court found defendant in violation of probation, for failing to obey a probation officer's direction. Before the court imposed sentence, defense counsel requested a supplemental probation report. The court responded: "Is he entitled to that? I don't think he is." A short while later when the court again asked if defendant was entitled to a supplemental report, the following colloquy occurred:

> "[DEFENSE COUNSEL]: I think [defendant] would just prefer that you go ahead and --
>
> "THE COURT: Impose sentence?
>
> "[DEFENSE COUNSEL]: -- as long as you give him all of his credits. And by my calculation --
>
> "THE COURT: He's entitled to his credits. Okay I'm going to impose the mid term. That's three years on Count I. Additional eight months on

---

[1] Further undesignated statutory references are to the Penal Code.

2

Count III.  Additional eight months on Count IV.  The total aggregate term

is four years, eight months.

"[DEFENSE COUNSEL]:  Oh.  Well, I didn't realize you were going to do

that."

Counsel then renewed his request for a supplemental report, and the court denied

it.  The court soon after corrected a sentencing error, reducing the aggregate sentence to

three years, after defendant pointed out that counts III and IV were misdemeanors.

## DISCUSSION

On appeal, defendant contends the trial court erred in refusing to order a

supplemental probation report before imposing sentence.  The People concede the error,

and we agree.

The trial court must order a probation report before judgment is pronounced "if a

person is convicted of a felony and is eligible for probation . . . ."  (§ 1203, subd. (b)(1);

Cal. Rules of Court, rule 4.411.)[2]  "Waivers of the presentence report should not be

accepted except in unusual circumstances."  (Rule 4.411(a).)  "However, if the defendant

is ultimately sentenced and committed to the state prison, a probation report shall be

completed pursuant to Section 1203c."  (§ 1203, subd. (b)(4).)

If a sentencing proceeding occurs "a significant period of time" after the original

report was prepared, the court must order a supplemental probation report.  (Rule

4.411(c).)

Eight months was "a significant period of time" in *People v. Dobbins* (2005)

127 Cal.App.4th 176, at page 181, a case both parties cite.  There, two months after a

probation report was prepared, Dobbins was arrested and charged with new offenses.  (*Id.*

at p. 178.)  Six months after that, (and following a mistrial) the court found Dobbins had

---

[2]  Further rule references are to the California Rules of Court.

committed the new offenses and violated probation. (*Id*. at p. 179.) When Dobbins was resentenced, a supplemental report was not ordered--though the court reviewed and considered the original report. (*Ibid*.) On appeal, this court held the eight months between the original report and resentencing was a significant period necessitating a supplemental report: "This period was well in excess of the six months referred to by the Advisory Committee [in their comments to rule 4.411], and it included approximately two months when defendant was not under the watchful eyes of custodial authorities but was rather released on probation . . . ." (*Id*. at p. 181.)

But the failure to order a supplemental report was harmless under *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Dobbins, supra*, 127 Cal.App.4th at p. 182.) The original probation report provided Dobbins' background and other relevant information. (*Id*. at p. 183.) Dobbins had numerous parole violations and incarcerations, such that further probation had little justification. (*Ibid.*) The judge who resentenced Dobbins also presided over his trial and was well aware of the facts underlying the probation violation. (*Ibid.*) Thus, it was not reasonably probable that a supplemental report would have changed the outcome. (*Ibid*.)

Here, by contrast, no probation report was ever prepared. Twenty months had elapsed from the original sentencing. And the judge who imposed sentence here did not have the benefit of observing a full trial involving the facts underlying the probation violation. Defendant urges that a supplemental report would have allowed the trial court to learn more of his background--including considerations stemming from his homelessness and illiteracy--and other mitigating factors. Thus, he concludes, there was a reasonable probability of a more favorable outcome. The People agree and ask that we remand to allow a report to be prepared. Based on our review of the record, we agree.**3**

---

**3** While the parties did not raise the issue, we note that the colloquy between the defense attorney and court set forth *ante* does not constitute a waiver of the right to receive a probation report. (See § 1203, subd. (b)(4) ["The preparation of the report . . . may be

4

## DISPOSITION

The sentence is reversed and the matter is remanded with directions to order a probation report or to obtain a valid waiver, and hold a new sentencing hearing.  In all other respects, the judgment is affirmed.


                                                   _____/s/_____
                                                   Duarte, J.


We concur:


_____/s/_____
Blease, Acting P. J.


_____/s/_____
Hoch, J.

---

waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that a waiver shall not be allowed unless the court consents thereto.  However, if the defendant is ultimately sentenced and committed to the state prison, a probation report shall be completed . . .”].)