Filed 3/15/24  P. v. Kamilchu CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096908 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE001319) |
| v. | |
| EDWARD KAMILCHU, | |
| Defendant and Appellant. | |

Defendant Eduard Kamilchu was found guilty of arson and sentenced to the upper term of eight years.  On defendant's original appeal, we remanded for the trial court to resentence defendant under recently amended Penal Code[1] section 1170.  On remand, the trial court again imposed the upper term based on two aggravating factors related to defendant's prior convictions.  Defendant appeals again; now he contends the trial court's

---

[1]    Undesignated section references are to the Penal Code.

1

sentence violated amended section 1170 because it relied on facts not found true by a jury beyond a reasonable doubt. We agree and vacate defendant's sentence and remand for another resentencing hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant stayed at his ex-girlfriend's house after she gave birth to their child even though she had a restraining order against him. When law enforcement officers attempted to arrest defendant, he barricaded himself upstairs and threw objects down the stairs at officers, including a lit cannister of kerosene that exploded and caught the house on fire. The jury found defendant guilty of arson. (*People v. Kamilchu* (Feb. 28, 2022, C092636) [nonpub. opn.].)[2]

At the original sentencing hearing the trial court found defendant violated his probation and imposed the upper term of eight years. Defendant appealed and we remanded for the trial court to "resentence defendant consistent with the changes effected by Senate Bill No. 567" (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567). (*People v. Kamilchu*, *supra*, C092636.)

At the resentencing hearing the prosecutor introduced two exhibits. The first was a set of certified documents relating to defendant's 2017 conviction for domestic violence in case No. 17MI000498. The second exhibit was a transcript of defendant's testimony at his trial where he conceded to having a driving under the influence conviction in 2010, a prior misdemeanor restraining order violation, and a prior misdemeanor domestic violence conviction in 2017.

The trial court then found based on "the certified copy, plus . . . [d]efendant's admissions in court to those convictions, the [c]ourt would find that he suffered those convictions and that it demonstrates a record of increasing seriousness." The court

---

[2] We granted defendant's motion to incorporate the record from his previous appeal.

2

explained it was "very important" that during trial it established the victim was "the same person that was the subject of all of the drama that led to this conviction for arson in this case. . . . [¶] . . . [¶] So sometimes maybe misdemeanors aren't considered as records of increasing seriousness, but in this case absolutely because it involves the same victim as in the other case." The court also found defendant was "clearly on probation at the time of" the arson. Thus, the court concluded, "[B]ased on those three factors of his prior convictions, his record of increasing seriousness, and unsatisfactory performance while on probation, the [c]ourt finds that those aggravating factors are sufficient."

The trial court added, "[A]ny one of those aggravating factors is sufficient to aggravate this case to where the [c]ourt would impose the upper term of eight years, which this [c]ourt has previously imposed. [¶] I find that because of the circumstances involved in this case and the unique circumstances in the case he was convicted on, as well as the unique circumstances on the [2017 domestic violence case] with the same victim being involved, that I would think that any one of these aggravating factors would be sufficient in the [c]ourt's view to impose the upper term on this case." The court then summarized the facts underlying defendant's arson conviction and concluded, "So I think in the interest of justice and to ensure public safety the only proper sentence in this case is the upper term. The [c]ourt will impose the sentence on the arson of the upper term of eight years." The court also ordered the same credits and fee terms as ordered at the original sentencing. Defense counsel then put on the record an objection to the court using defendant's prior trial testimony as an admission to his prior convictions.

Defendant appeals.

## DISCUSSION

### I

### *The Trial Court Prejudicially Erred In Imposing The Upper Term*

Senate Bill 567 amended section 1170, subdivision (b) so that, among other things, aggravating circumstances now only justify the imposition of an upper-term

3

sentence if "the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as added by Stats. 2021, ch. 731, § 1.3.) The amended statute includes a third method of factfinding, which allows courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Defendant argues the trial court erred in imposing the upper term at resentencing because the trial court engaged in impermissible factfinding to support several of the aggravating factors. The People concede the aggravating factors based on defendant's prior convictions did not meet the evidentiary requirements of section 1170. But they argue reversal is not required because "there is no reasonable probability that the jury would not have found that [defendant's] crimes were increasing in seriousness and that his prior performance on probation was unsatisfactory." We conclude there was reversible error.

The trial court found two aggravating factors: (1) defendant was on probation at the time of the crime, and (2) defendant's prior convictions as an adult are numerous or of increasing seriousness. (See Cal. Rules of Court, rule 4.421(b)(2) & (4).)[3] There are two issues with these findings. First, although a certified record of conviction supported defendant's 2017 conviction, the other two prior convictions were not supported by a

---

[3]    The trial court said it relied on "three factors," with one being "his prior convictions." But there is no enumerated aggravating factor for just prior convictions. (See Cal. Rules of Court, rule 4.421.) And it may violate the prohibition against dual use of facts in sentencing to use his prior convictions for both its own factor and for the increasing in seriousness factor. (§ 1170, subd. (b)(5); Cal. Rules of Court, rule 4.420(g).) Regardless, a review of the court's entire analysis establishes it considered defendant's prior convictions in establishing these two aggravating factors, not as an independent factor.

4

certified record of conviction. There is no provision in section 1170 permitting a defendant's prior testimony at trial to support an aggravating circumstance.

Second, even if a certified record of conviction established all prior convictions, the trial court relied on facts beyond the existence of the convictions. Courts typically may determine whether past convictions are numerous or of increasing seriousness when it requires "consideration of only the number, dates, and offenses of the prior convictions alleged." (*People v. Black* (2007) 41 Cal.4th 799, 819-820.) But courts cannot "engage in factfinding about the specifics of the offenses or to make subjective value judgments as to the relative seriousness of similar crimes." (*People v. Wiley* (2023) 97 Cal.App.5th 676, 687.)

Here, the trial court acknowledged "misdemeanors aren't considered as records of increasing seriousness," but what made this case different to the trial court was that the current offense and the prior domestic violence case "involve[d] the same victim." Even if this is true, the significance of this fact and whether it indicates increasing seriousness is a subjective value judgment, one not found true by a jury beyond a reasonable doubt.

We also agree with defendant that these errors are not harmless. Appellate courts disagree on the appropriate harmless error test for Senate Bill 567. (See *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1131, review granted May 17, 2023, S279147.) The People argue the proper test considers whether "there is a reasonable probability the court would have imposed an upper-term sentence based upon the aggravating circumstances that satisfy the statute." (See *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112 ["we must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error"].) But even under this test we cannot conclude this error was harmless.

The trial court did state a single factor would be sufficient to justify the upper term, and the trial court found defendant's violation of probation was an aggravating factor without any subjective value judgment. But the court explained that one factor

was sufficient "because of the circumstances involved in this case and the unique circumstances in the case he was convicted on," including that they involved "the same victim." The court also summarized the facts of the case to support this finding.

Accordingly, the trial court's finding is reinforced with facts and value judgments not found true beyond a reasonable doubt by a jury and we cannot confidently excise these improper considerations without fatally undermining the finding's integrity. We therefore can only speculate on whether the trial court would have exercised its discretion in the same way had it known it was unable to consider these facts to impose the upper term. Accordingly, we must again remand the matter for a full resentencing.

II

*The Trial Court Must Order A New Probation Report On Remand*

Defendant also argues the trial court erred in not ordering a new probation report because it was a full resentencing two years after the original sentencing. We agree.

The original sentencing hearing occurred on July 10, 2020. The presentence report for this hearing noted defendant was not interviewed due to the COVID-19 pandemic, but the report found unusual circumstances rendered defendant eligible for probation. At the hearing, defense counsel argued for a term other than the upper term and noted defendant was a Marine and honorably discharged. A supplemental probation report was not prepared for the resentencing at issue here.

Under California Rules of Court, rule 4.411, "the court must refer the case to the probation officer for . . . [¶] . . . [¶] [a] supplemental report if a significant period of time has passed since the original report was prepared." (Cal. Rules of Court, rule 4.411(a)(2).) The Advisory Committee Comment provides an example of "significant time" as "after a remand by an appellate court." (Advisory Com. com., 23 pt. 2 West's Ann. Cal. Rules of Court (2017 ed.) foll. rule 4.411, p. 94.) Further, "[c]ase law has recognized that a probation report is not necessarily required if [the] defendant is statutorily ineligible for probation." (*People v. Dobbins* (2005) 127 Cal.App.4th 176,

6

180.)  But a report may be appropriate if "needed to assist the court with other sentencing issues."  (Cal. Rules of Court, rule 4.411(a)(1)(B).)

A supplemental report was required here.  Though statutorily ineligible, the probation officer found defendant eligible for probation given unique circumstances. And the resentencing hearing took place two years after the original sentencing hearing. (See *People v. Dobbins*, *supra*, 127 Cal.App.4th at p. 181 [finding error in not ordering a supplemental report with an eight-month period].)  A supplemental report would also have been particularly helpful to address the change in analysis under amended section 1170 and because defendant was not interviewed at all for the first probation report.  It is also possible mitigating factors now relevant may have been present that were not listed in the original probation report, such as any trauma related to defendant's military service.  (See § 1170.91.)  The trial court consequently erred in not requesting a supplemental probation report on the prior remand and must refer the case to probation on this remand.

### III

*The Trial Court Must Recalculate Defendant's Actual Custody Credits*

We also agree with defendant that the trial court must recalculate his actual credits.  Since we are vacating defendant's sentence and remanding for a full resentencing hearing, the trial court is directed to recalculate defendant's custody credits pursuant to section 2900.1.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23-24 [§ 2900.1 applies when "an appellate remand results in modification of a felony sentence during the term of imprisonment" but not after "a limited appellate remand for correction of sentencing errors"].)

7

## DISPOSITION

Defendant's sentence is vacated and the matter remanded to the trial court for resentencing consistent with current law. The trial court shall refer the case to the probation officer for a supplemental presentence report and recalculate defendant's credits. The judgment is otherwise affirmed.



/s/_____
ROBIE, Acting P. J.


We concur:



/s/_____
DUARTE, J.



/s/_____
ASHWORTH, J.*

---

* Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.