Filed 8/27/24  P. v. Ortiz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADELAIDO NARANJO ORTIZ,<br><br>    Defendant and Appellant. | A169815<br><br>(Mendocino County Super. Ct.<br>No. SCUKCRCR-2015-840462) |

Defendant Adelaido Naranjo Ortiz appeals the sentence imposed following the trial court's revocation of his probation.  He contends a remand for resentencing is required because the court erred in failing to order a supplemental probation report.  The People concede the error but argue it is harmless.  We reverse.

## BACKGROUND

The material facts are not in dispute.  In December 2015, Ortiz pleaded no-contest to one count of felony transportation of a controlled substance in exchange for the dismissal of another count and a guarantee of "no state prison" and "a maximum of 364 days in county jail."  After receiving a probation report in March 2016, the trial court suspended imposition of sentence and placed Ortiz on a three-year probation with various conditions.

1

Ortiz never reported to his probation officer after his release. The trial court revoked probation and issued an arrest warrant.

Seven and a half years later, Ortiz was taken back into custody. The probation department filed an amended petition recommending that Ortiz's probation be permanently revoked and that he be sentenced to the mid-term of four years in prison. After Ortiz admitted to the allegations in the amended petition, the trial court instructed the probation department to prepare a credit memo, but it did not order the preparation of a supplemental probation report. The credit memo summarized the case's procedural history and made the same recommendations as the amended petition.

At the sentencing hearing, Ortiz's counsel requested a "split" low-term sentence of three years, with one year in jail and two years on mandatory supervision. Defense counsel emphasized that Ortiz had no further arrests and had — eventually — turned himself in. The People, in contrast, supported the probation department's recommendation of a four-year prison sentence.

The trial court admitted it lacked "the luxury of a [presentence investigation] report" from the probation department. Nonetheless, it rejected a split sentence "[b]ased on [Ortiz's] failure to report," but it found this was a "low-term case" because Ortiz had "not had any further law violations despite being out to warrant." Accordingly, the trial court permanently revoked probation and sentenced Ortiz to three years in jail, inclusive of presentence and conduct credits. Ortiz appealed.

## DISCUSSION

Ortiz contends the trial court erred in not requesting a supplemental probation report. He further argues that this error was prejudicial because there is reason to believe that a supplemental report would have favorably

2

impacted the court's discretionary decisions on whether to permanently revoke probation, and whether to order a period of mandatory supervision.

The People "agree[]" that the trial court erred in failing to order a supplemental probation report before resentencing Ortiz. But they contend the error was harmless because there is no reasonable probability that additional information would have resulted in a more favorable sentence for Ortiz. Ortiz counters we should apply a heightened prejudice standard, and, in any event, there is a reasonable probability the trial court would have ordered a more lenient sentence if equipped with a supplemental report. Because we find that Ortiz was prejudiced under a reasonable probability standard, we need not resolve which prejudice standard applies.

Penal Code section 1203, subdivision (b)(1), requires trial courts to order a probation report "before judgment is pronounced" for persons "convicted of a felony" who are "eligible for probation."[1] When an initial report is required, a supplemental report is also required "if a significant period of time has passed since the original report." (Cal. Rules of Court, rule 4.411(a)(2).)[2] "The Advisory Committee Comment to the rule suggests that a period of more than six months may constitute a significant period of time . . . ." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 181 (*Dobbins*).)

This court has explained, "where a current probation report is required, that right is considered fundamental and its abridgement is generally treated as reversible error." (*People v. Mariano* (1983) 144 Cal.App.3d 814, 824–825.) In *Dobbins*, the Third District held that the harmless error standard governed "[b]ecause the alleged error implicates only California statutory

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] All rule references are to the California Rules of Court.

3

law . . . ," meaning the Court of Appeal "shall not reverse unless there is a reasonable probability of a result more favorable to defendant if not for the error." (*Dobbins*, *supra*, 127 Cal.App.4th at p. 182.) A reasonable probability in this context " 'does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*.' " (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.)

In applying the reasonable probability standard and finding the error at hand was harmless, *Dobbins* emphasized the case's "peculiar facts." (*Dobbins*, *supra*, 127 Cal.App.4th at p. 183.) Specifically, the defendant had been under the "watchful eyes of correctional authorities" for six of the eight months between the preparation of the original probation report and sentencing. (*Id.* at p. 181.) And the "original probation report apprised the trial court of defendant's background and other relevant information." (*Id.* at p. 183.) Moreover, "[t]he judge who sentenced defendant was the same judge who presided over the trial and was thus intimately acquainted with the facts underlying his violation of probation, which involved use of a weapon." (*Ibid.*) Given these "peculiar facts," it was "not reasonably probable [the] defendant would have been granted probation had a supplemental probation report been prepared." (*Ibid.*)

Here, in contrast, there was an over seven-year interval between the initial report and execution of sentence. Different judges presided over Ortiz's original sentencing and resentencing. The record also suggests that the trial court did not consider the initial probation report at resentencing. More importantly, unlike the defendant in *Dobbins* who was under the "watchful eyes of custodial authorities" for months, there is no other information regarding Ortiz's conduct or behavior during the seven-plus-year interlude.

4

We are left with nothing but speculation as to what information a supplemental report may have revealed. We therefore cannot say there is no reasonable chance that such a report would not have persuaded the trial court to impose a more favorable outcome to Ortiz. This is prejudicial to Ortiz.

Despite acknowledging that Ortiz did not waive the requirement of preparing a report or forfeiting his claim on appeal (see § 1203, subd. (b)(4); *Dobbins*, *supra*, 127 Cal.App.4th at p. 182), the People suggest Ortiz bears fault for the absence of potentially mitigating information. This is mistaken. The Rules of Court require the trial court to order a supplemental report. (Cal. Rules of Court, rule 4.411(a)(2).) Moreover, Ortiz asserted that he had been working to support his family and had turned himself in "to finally take care of the situation." · But we cannot say whether further information regarding the nature of Ortiz's work, the needs of and his involvement with his family, or the circumstances of his surrender to authorities would have demonstrated a reasonable chance that Ortiz would have received a lighter sentence.[3] This is why the Rules of Court require the preparation of a supplemental report after such a lengthy passage of time. We therefore conclude Ortiz was prejudiced by the court's error.

## DISPOSITION

The judgment is reversed, and the matter remanded for the sole purpose of allowing the trial court to order the preparation of and consider a current probation report, and, if appropriate, to resentence Ortiz.

---

[3] We observe that Ortiz is bound on appeal by the matters that were before the trial court. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632, superseded by statute on other grounds as stated in *Noori v. Bank of America, N.A.* (9th Cir. 2018) 710 Fed.Appx. 757, 758.) Because the court failed to order a supplemental report, the record on appeal is, at best, inchoate.

5

DOUGLAS, J. *

We concur:

STREETER, Acting P.J.
GOLDMAN, J.

*People v. Ortiz* (A169815)

---

 * Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.