Filed 12/24/24  P. v. Harris CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Respondent,<br><br>v.<br><br>NOAH MICHAEL HARRIS,<br><br>            Defendant and Appellant. | A169862<br><br>(Contra Costa County Super. Ct. No. 01001961580) |

In this court's prior nonpublished opinion, *People v. Harris* (Aug. 18, 2023, A164007) we reversed defendant Noah Michael Harris's conviction for attempted murder.  On remand, the trial court entered a modified judgment for attempted voluntary manslaughter and resentenced Harris.  Harris now asserts the trial court erred by failing to obtain a supplemental probation report prior to resentencing.  We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The Contra Costa County District Attorney filed an information charging Harris with attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664; count 1); elder or dependent abuse (§ 368, subd. (b)(1); count 2); assault with a deadly weapon (§ 245, subd. (a)(1); count 3); dissuading a witness from testifying (§ 136.1, subd. (a)(1); count 4); and making criminal threats (§ 422,

---

[1] All undesignated statutory references are to the Penal Code.

subd. (a); count 5). The information alleged Harris inflicted great bodily injury upon an elderly victim during the commission of counts 1 and 3 (§ 12022.7, subd. (c)), and he used a deadly weapon during the commission of counts 1 and 2 (§ 12022, subd. (b)(1)). The information further asserted Harris had two prior felony convictions, which impacted his eligibility for probation (§ 1203, subd. (e)(4)). These charges arose from an incident during which Harris threw a rock at the victim's car, Harris and the victim engaged in a "heated verbal altercation," the victim drove his car toward Harris before stopping, and Harris "cut the side of the victim's neck," resulting in serious injury. (*People v. Harris*, *supra*, A164007.)

A jury convicted Harris on all counts and found true the great bodily injury enhancement on count 3. The trial court sentenced Harris to an aggregate term of nine years in state prison.

On appeal, this court reversed Harris's conviction for attempted murder due to instructional error. (*People v. Harris*, *supra*, A164007.) We remanded the matter and provided the district attorney with the option of either retrying appellant or accepting a modification of the judgment to reflect a conviction of attempted voluntary manslaughter. (*Ibid.*) The district attorney elected to not refile the attempted murder charge. Accordingly, the court modified the judgment to reflect a conviction of attempted voluntary manslaughter.

In advance of the resentencing hearing, Harris submitted a sentencing memorandum recommending three alternative sentencing options: (1) probation with drug treatment and mental health services; (2) three years in state prison; or (3) behavioral health court. The district attorney requested the court reimpose Harris's nine-year sentence.

2

Following the parties' arguments at the resentencing hearing, the trial court denied Harris's request and instead imposed an aggregate term of eight years in state prison. Harris timely appealed.

## DISCUSSION

Harris argues his sentence must be vacated and the matter remanded because the trial court failed to obtain a supplemental probation report prior to resentencing. Harris asserts the approximate two-year gap between the original probation report and his resentencing, combined with the impact of his mental illness, necessitated a new probation report. We disagree.

"[A] probation report is not necessarily required if a defendant is statutorily ineligible for probation . . . ." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 180 (*Dobbins*).) In such cases, the court has discretion to decide whether a probation report should be provided. (*People v. Bullock* (1994) 26 Cal.App.4th 985, 989.) "This is not to say a probation report may not be helpful to a court on resentencing." (*Ibid.*) "There may be compelling reasons for ordering a probation report even when the defendant is ineligible for probation. The defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing. Still, in many cases obtaining a new report will be a meaningless exercise. The trial court is in the best position to evaluate the need for an updated report, with the input of counsel." (*Id.* at p. 990.) "We review sentencing decisions for abuse of discretion." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 764.)

As an initial matter, the Attorney General asserts Harris forfeited this claim because he did not ask for a probation report or object to proceeding without one at the resentencing hearing. As relevant here, trial courts are only required to request a presentence investigation report where the

3

defendant is eligible for probation or "if a significant period of time has passed since the original report was prepared." (Cal. Rules of Court, rule 4.411(a)(1)(B), (a)(2); Pen. Code, § 1203, subds. (b) & (g).) While couched in mandatory language, the rule requiring a supplemental report due to the passage of time has been interpreted as only requiring a supplemental probation report when the defendant is eligible for probation. (*People v. Franco* (2014) 232 Cal.App.4th 831, 834 fn. 21 ["rule 4.411(c) requires a supplemental report only if the defendant is eligible for probation."]; *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1432 [decided under former rule 411(c)].) Accordingly, the failure by a probation-ineligible defendant to request a supplemental probation report or object to proceeding without one results in a "waiver of a supplemental report in the trial court and forfeiture of the right to object to the absence of such a report on appeal." (*Franco*, at p. 834.) While the court had discretion to order a supplemental report, the court's decision not to order a new probation report was not error.

In response, Harris argues the forfeiture rules do not apply because he was not "unequivocally ineligible" for probation but only "presumptively ineligible." He fails to cite any authority supporting his claim that this distinction is meaningful. And California Rule of Court, rule 4.413 suggests otherwise. Subdivision (b) provides that if a defendant is presumptively ineligible for probation, "the court should apply the criteria in [subdivision] (c) to evaluate whether the statutory limitation on probation is overcome." Only once this hurdle is met should the court "apply the criteria in rule 4.414 to decide whether to grant probation." (Cal. Rules of Court, rule 4.413(b).) Accordingly, if a court concludes the statutory limitation on probation *is not* overcome, then a defendant is not eligible for probation, and the rules

4

requiring a probation report for probation-eligible defendants are not triggered.

Harris does not argue he was found eligible for probation. Nor does Harris argue the trial court abused its discretion in declining to find that Harris overcame the presumption against probation eligibility. To the contrary, the trial court explicitly stated, "probation is in no way . . . warranted in this case" due to the severity of the injuries Harris inflicted on the victim. Accordingly, Harris was not eligible for probation and forfeited any right to a supplemental probation report by failing to object or request such a report. "A defendant should not be allowed to stand silent when the court proceeds without a supplemental probation report, gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain the report without being required to make some showing that he was prejudiced thereby." (*People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1556, fn. 7.)

Even if Harris had not forfeited his objection, we would conclude the trial court did not abuse its discretion by sentencing Harris without obtaining a supplemental probation report. On this issue, we find *Dobbins*, *supra*, 127 Cal.App.4th 176 instructive. While *Dobbins* involved a harmless error analysis because the defendant in that matter was eligible for probation, we find the reasoning relevant to the question of whether the trial court abused its discretion in failing to request a supplemental probation report.

In *Dobbins*, the Third District Court of Appeal concluded the trial court's failure to obtain a supplemental probation report prior to sentencing did not result in reversable error. (*Dobbins*, *supra*, 127 Cal.App.4th at p. 183.) The court explained, "The original probation report apprised the trial court of defendant's background and other relevant information. And his

record was such (including as it did numerous parole violations and periods of incarceration) that there was little justification for a further grant of probation. . . . The judge who sentenced defendant was the same judge who presided over the trial and was thus intimately acquainted with the facts underlying his violation of probation, which involved use of a weapon. Considering these circumstances, there is no reason to believe that additional information would have led to reinstatement of probation."

Similar reasoning applies here. The probation report prepared in advance of Harris's original sentencing presented evidence to the court regarding Harris's history of mental illness and substance abuse. That report also set forth Harris's record of probation violations and prior convictions, as well as his conduct while in detention pending sentencing. And the resentencing judge was the same judge that conducted the original sentencing hearing; as such, she was familiar with the facts and recommendations contained in the original probation report. Moreover, Harris submitted a sentencing memorandum prior to resentencing which further discussed his mental health issues, and nothing in the record indicates the court did not consider his submission. Accordingly, the trial court did not abuse its discretion in resentencing Harris without first obtaining a supplemental probation report.

## DISPOSITION

The judgment is affirmed.

_____
PETROU, J.

WE CONCUR:


_____
FUJISAKI, ACTING P. J.


_____
RODRÍGUEZ, J.

*People v. Harris/A169862*