Filed 11/24/20  P. v. Waits CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CASEY WAITS,<br><br>Defendant and Appellant. | C088472<br><br>(Super. Ct. No. 16CF00919) |

Approximately two years into a three-year probation term, the trial court revoked defendant Casey Waits's probation and executed a previously imposed five-year sentence in state prison.  Defendant argues the trial court:  (1) failed to obtain a supplemental probation report before defendant's final sentencing hearing; and (2) violated defendant's due process rights when it imposed various mandatory fines and fees without determining his ability to pay them.  We will affirm the judgment.

1

BACKGROUND

Defendant pleaded no contest to two counts of corporal injury on a spouse (Pen. Code, § 273.5)[1] after he punched and headbutted the victim, his wife, in two separate incidents. At the September 2016 sentencing hearing, the trial court reviewed defendant's probation report and determined defendant was eligible for probation based on the unusual circumstances in his case, including his positive response to drug treatment. The court placed defendant on a three-year probation term. The court also imposed fines and fees as follows: a $60 conviction assessment (Gov. Code, § 70373), an $80 court operations assessment (§ 1465.8), a $300 restitution fine (§ 1202.4, subd. (b)), a $300 probation revocation fine (§ 1202.44; suspended pending probation revocation), a $300 battered shelter fee (§ 1203.097, subd. (a)(11)(A)), a $500 and $250 domestic violence program fee (§ 1203.097, subd. (a)(5)), a probation supervision fee of $164 per month of probation (§ 1203.1b), a $736 presentence investigation report fee (§ 1203.1b), and a $420 appointed counsel fee.

Six months later, defendant admitted that he violated his probation by terminating his participation in a treatment program. The court reinstated defendant's probation subject to release into a residential treatment facility. One month later, defendant violated probation a second time by terminating his participation in a different treatment program. Defendant's violation arose after he tried to switch programs, but did not notify probation until after he had changed. The court reinstated probation, saying defendant "didn't follow the exact rules but didn't break the law either."

In July 2017, the trial court stayed defendant's fines and fees. Five months later, probation filed a third petition alleging a probation violation for terminating participation in a treatment program, which defendant admitted. The court imposed a five-year

---

[1] Undesignated statutory references are to the Penal Code.

2

sentence, suspended execution of the sentence, and reinstated defendant on probation. In July 2018, the court lifted the stay on defendant's fines and fees.

On November 1, 2018, defendant admitted a fourth probation violation based on possession of drug paraphernalia. (Health & Saf. Code, § 11364.) Probation recommended that the court lift the stay on the five-year sentence based on defendant's continuous probation violations. Defense counsel argued that defendant simply had a relapse and asked that the court reinstate probation. Defendant spoke on his own behalf, noting he had been sober for 18 months over the course of probation, but had allowed a recovering friend into his home who had relapsed. The victim spoke, saying defendant had been working diligently in recovery and had been working to support her and their four children. The court also acknowledged reading at least one letter the victim had submitted to the court over the course of defendant's probation term on defendant's behalf.

The prosecution noted that, based on the original probation report, defendant could have been sentenced to prison at the very first sentencing hearing in 2016. In particular, defendant's record included four prior felonies and 18 prior misdemeanors. The court lifted the stay on the five-year sentence and confirmed the fines and fees that had been previously ordered in the case.

Defendant filed his notice of appeal on November 26, 2018.

DISCUSSION

I

*Supplemental Probation Report*

Defendant argues the trial court erred when it failed to obtain a supplemental probation report, even though the final sentencing hearing occurred more than two years after the court reviewed defendant's initial probation report. Specifically, defendant claims that a supplemental probation report could have provided additional details on his

progress in treatment, the effects of his relapse on recovery, and his employment situation. The People respond that any error was harmless.

Under California Rules of Court, rule 4.411(a)(2), the court must obtain a "supplemental [probation] report if a significant period of time has passed since the original [probation] report was prepared." The Advisory Committee comment to the rule "suggests that a period of more than six months may constitute a significant period of time." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 181 (*Dobbins*).)

In *Dobbins*, this court held the trial court erred in imposing defendant's sentence without obtaining a supplemental report when the original report was submitted eight months prior. (*Dobbins*, *supra*, 127 Cal.App.4th at p. 181.) We explained as follows: "[t]his period was well in excess of the six months referred to by the Advisory Committee, and it included approximately two months when defendant was not under the watchful eyes of custodial authorities but was rather released on probation." (*Ibid.*)

The trial court's error was analyzed under the *Watson*[2] harmless error standard and this court concluded there was no reasonable probability of a result more favorable to defendant had the error not occurred. (*Dobbins, supra*, 127 Cal.App.4th at pp. 182-183.) In supporting this conclusion, we stated as follows: "The original probation report apprised the trial court of defendant's background and other relevant information. And his record was such (including as it did numerous parole violations and periods of incarceration) that there was little justification for a further grant of probation. Moreover, the trial court was aware . . . that defendant's conduct while on probation had been poor. The judge who sentenced defendant was the same judge who presided over the trial and was thus intimately acquainted with the facts underlying his violation of probation, which

---

[2] *People v. Watson* (1956) 46 Cal.2d 818.

involved use of a weapon. Considering these circumstances, there is no reason to believe that additional information would have led to reinstatement of probation." (*Id.* at p. 183.)

Here, the original probation report was filed two years before defendant's final sentencing hearing. As in *Dobbins*, the judge presiding over defendant's sentencing was well acquainted with defendant's case because he had presided over defendant's probation review hearings and had ordered modifications to the terms of defendant's probation. (*Dobbins*, *supra*, 127 Cal.App.4th at p. 183.) The original probation report detailed defendant's extensive criminal record, including 18 misdemeanor convictions and four prior felony convictions, as well as other relevant background information about defendant. It also detailed a lengthy history of probation and parole violations in earlier cases. At the sentencing hearing, the trial court heard from the probation officer, who explained defendant's record of probation violations in the present case, which included multiple program terminations, including one in conjunction with a violation of a restraining order. The court also heard from defendant and the victim about defendant's progress in treatment and employment efforts, and acknowledged reviewing the victim's correspondence detailing defendant's efforts at recovery. Based on these facts, we cannot conclude there is a reasonable probability defendant would have been reinstated on probation had the probation officer filed a written supplemental report.

II

*Imposition of Mandatory Fines and Fees*

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant challenges the mandatory fines and fees imposed by the trial court, arguing due process requires they be stayed or the case be remanded for a hearing on defendant's ability to pay. The People argue that defendant's appeal of this issue is untimely because the fines and fees defendant challenges were imposed when the trial court first granted probation in 2016 and defendant did not appeal that order.

5

Under section 1237, subdivision (a), a defendant may appeal from "an order granting probation." "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation. [Citations.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421; see also *People v. Dagostino* (2004) 117 Cal.App.4th 974, 997 [failure to file a timely notice of appeal from the court's order granting conditions of probation bars challenge to conditions from being raised on appeal from a later order revoking probation].)

Here, the trial court imposed the challenged fines and fees in the September 2016 order granting probation. Defendant did not appeal the order until November 26, 2018. (See Cal. Rules of Court, rule 8.308(a) ["notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"].) The fact that the trial court "confirmed" the previously ordered fines and fees in the November 2018 sentencing hearing does not reset the clock for the appeal. (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 ["The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision."].) Defendant's challenge is therefore untimely, and defendant is jurisdictionally foreclosed from raising any issues relative to the 2016 probation order.

DISPOSITION

The judgment is affirmed.


                                          /s/
                                       HOCH, J.


We concur:


/s/
BLEASE, Acting P. J.


/s/
HULL, J.