Filed 3/11/14  P. v. Pisciotta CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

EDWARD ANTHONY PISCIOTTA,

    Defendant and Appellant.

E058519

(Super.Ct.No. FMB1300034)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael M. Dest, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part, reversed and remanded with directions in part.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Edward Anthony Pisciotta appeals following the trial court's order revoking probation and sentencing him to three years in county jail.  On appeal, defendant contends that (1) his sentence must be reversed and the case remanded for resentencing, because the trial court failed to request a probation report or obtain a valid waiver from defendant prior to revoking his mandatory supervision; and (2) the probation revocation fine must be stricken because he did not serve a period of "probation" nor did he serve a "conditional sentence" within the meaning of Penal Code[1] section 1202.44.  We conclude the matter must be remanded for the sole purpose of allowing the trial court to order the preparation of and consider a probation report, or obtain a valid waiver from defendant to order and consider such a report, and to resentence defendant if appropriate.[2]

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  Because we remand the matter for a resentencing hearing, we need not address defendant's remaining contention.

2

# I

## FACTUAL AND PROCEDURAL BACKGROUND[3]

On December 22, 2012, defendant entered a grocery store, filled a grocery cart with hard alcohol, and walked out of the store without paying for the items in the cart.

On January 24, 2013, a felony complaint was filed charging defendant with three counts of second degree burglary (§ 459).

Pursuant to a plea agreement, on February 26, 2013, defendant pled guilty to one count of second degree burglary. In return, defendant was promised a suspended sentence with credit for time served and the dismissal of the remaining counts. Defendant thereafter explicitly waived his right to a probation report so that he could be immediately sentenced. As such, defendant was immediately sentenced to the upper term of three years in county jail, all but 30 days of which was suspended, with credit for time served. Pursuant to section 1170, subdivision (h)(5)(B)(i), defendant was released on mandatory supervision for a period of 35 months on various terms and conditions.

On March 12, 2013, defendant admitted he violated the terms of his mandatory supervision by violating the law. The trial court thereafter imposed the previously stayed portion of defendant's three-year sentence and ordered him to county jail with total presentence credits of 61 days.

---

[3] The factual background is taken from the police report.

3

II

DISCUSSION

Defendant contends that the trial court erred in revoking and terminating his mandatory supervision without first obtaining a probation report or a valid waiver of a probation report from him.  He therefore requests that the matter be reversed and remanded for resentencing.  The People initially respond that a probation report was not required under the Criminal Justice Realignment Act of 2011 (the Realignment Act) (Stats. 2011, ch. 15, §1); and, in the alternative, maintain that even if a probation report was required, the failure to obtain one was harmless.

The Realignment Act became effective on October 1, 2011.  Under the Realignment Act, persons convicted of low grade felonies, and who were not otherwise disqualified due to their criminal records, are sentenced to county jail instead of state prison.  Trial courts have discretion to either commit the defendant to county jail for a full term in custody, or impose a "split" sentence consisting of county jail followed by a period of mandatory supervision.  (§ 1170, subds. (h)(5)(A), (h)(5)(B)(i).)[4]

Subdivision (h)(5) provides that "[t]he court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows:  [¶]  (A)  For a full term in custody as determined in accordance with the applicable sentencing law.  [¶]  (B)  [¶]  (i)  For a term as determined in accordance with

---

[4] References to subdivision (h) of the Realignment Act are to section 1170.

4

the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court.  The period of supervision shall be mandatory, and may not be earlier terminated except by court order.  *Any proceeding to revoke or modify mandatory supervision under this subparagraph shall be conducted pursuant to either subdivisions (a) and (b) of Section 1203.2 or Section 1203.3.*  During the period when the defendant is under such supervision, unless in actual custody related to the sentence imposed by the court, the defendant shall be entitled to only actual time credit against the term of imprisonment imposed by the court.  Any time period which is suspended because a person has absconded shall not be credited toward the period of supervision. [¶]  (ii)  The portion of a defendant's sentenced term during which time he or she is supervised by the county probation officer pursuant to this subparagraph shall be known as mandatory supervision."  (Italics added.)

Hence, under the Realignment Act, a trial court may revoke or modify mandatory supervision during the probationary period.  (§§ 1203.2, subds. (a), (b), 1203.3, subds. (a), (b).)  Section 1203.2 applies where a defendant has been rearrested on suspicion of violating a probationary term, while section 1203.3 appears to apply in all situations short of rearrest.  (*Ibid.*)  Section 1203.2, subdivision (b), requires a court to read and consider a probation report before it revokes mandatory supervision.  (§ 1203.2,

5

subd. (b) ["After the receipt of a written report from the probation or parole officer, the court shall read and consider the report and either its motion or the petition and may modify, revoke, or terminate the supervision of the supervised person upon the grounds set forth in subdivision (a) if the interests of justice so require."].) Section 1203.3 does not explicitly require the court to consider a probation report before it modifies or revokes mandatory supervision.

Here, it appears that defendant was rearrested on a new case and that he was in custody on March 12, 2013, when he appeared for the arraignment on the petition to revoke his mandatory supervision in this case. Accordingly, section 1203.2, as conceded by the People, governs this case.[5] As such, the trial court was required to read and consider a probation report prior to modifying, revoking, or terminating defendant's mandatory supervision under the Realignment Act unless a valid waiver from defendant was obtained.

---

[5] It is unknown why the People argue "[e]ven if a probation report was required," since the People concede that this case is governed by section 1203.2, and therefore a probation report was required.

Section 1203, subdivision (b)(4), provides that only a written stipulation or an in-court oral waiver suffices to eliminate the requirement to obtain a probation report.[6]  The appellate courts have interpreted this section as requiring the court to obtain a supplemental probation report before sentencing a defendant after a violation of probation if the new sentencing proceedings take place a significant period of time after the original report was prepared.  (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 180-181 (*Dobbins*) [eight months constitutes significant period of time]; Cal. Rules of Court, rule 4.411(c).)

Although the trial court obtained a waiver from defendant before the original sentencing hearing on February 26, 2013, the court did not do so at the March 12, 2013 revocation of mandatory supervision hearing or order a probation report.  Defendant contends that the failure to obtain a valid waiver at the March 12 hearing or order a probation report is prejudicial error.  The People respond that any failure to obtain a "supplemental report was harmless."

In *Dobbins*, the initial probation report was prepared in July 2003, shortly before the first sentencing hearing.  In September, the defendant was arrested and charged with

_____

[6] Section 1203, subdivision (b)(4), specifically provides:  "*The preparation of the* [*probation*] *report* or the consideration of the report by the court *may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court*, except that a waiver shall not be allowed unless the court consents thereto.  However, if the defendant is ultimately sentenced and committed to the state prison, a probation report shall be completed pursuant to Section 1203c."  (Italics added.)

7

new offenses. In March 2004, the court found the defendant committed the new offenses and violated his probation. He was resentenced eight months after the original probation report issued. (*Dobbins*, *supra*, 127 Cal.App.4th at pp. 178-180.) The issue on appeal was whether that eight-month period was a "'significant period of time'" under California Rules of Court, rule 4.411(c). (*Dobbins*, at p. 180.) In concluding that the trial court erred in not ordering a supplemental or updated probation report, the *Dobbins* court stated: "This period was well in excess of the six months referred to by the Advisory Committee, and it included approximately two months when defendant was not under the watchful eyes of custodial authorities but was rather released on probation, when he committed the conduct for which his probation was revoked." (*Id*. at p. 181.)

However, *Dobbins* affirmed, finding the trial court's failure to order a supplemental probation report harmless under the *People v. Watson* (1956) 46 Cal.2d 818 harmless error standard. (*Dobbins*, *supra*, 127 Cal.App.4th at p. 182.) In finding harmless error, the court noted that the original probation report had apprised the trial court of the defendant's background and other relevant information; the defendant's numerous prior parole violations and periods of incarceration provided little justification for another grant of probation; defendant's conduct on probation had been poor; and the sentencing judge had presided over the defendant's trial and was well aware of the facts underlying his probation violation, which involved weapon use. *Dobbins* concluded that considering these circumstances, it was not reasonably probable that additional

8

information in a supplemental probation report would have led to reinstatement of probation. (*Id*. at p. 183.)

This case stands in sharp contrast to *Dobbins*. Here, unlike in *Dobbins*, there was no probation report at all or evidence to show that the court was familiar with defendant's background and other relevant information and "intimately acquainted with the facts underlying his violation of probation." (*Dobbins*, *supra*, 127 Cal.App.4th at p. 183; see also *People v. Conners* (2008) 168 Cal.App.4th 443, 457.)

Relying on information obtained from the San Bernardino County Court system website,[7] as well as defendant having three other cases for which he was on probation, the People argue that by the March 12 revocation hearing, defendant "had amply demonstrated that he was not suitable for probation or mandatory supervision." Defendant responds that the People's reliance on these facts is without merit, since the People cannot "divine the thought processes of the trial court" and fail to mention these alleged violations concerned relatively minor, nonviolent offenses (possession of a controlled substance and stealing shopping carts), which "reflected a drug problem that is frequently dealt with [by] [] Proposition 36." Defendant therefore asserts that it is reasonably probable that the court, "provided with a full and complete analysis of [his]

---

[7] This website purportedly shows that defendant had been found in possession of a controlled substance the day following the day he was placed on mandatory supervision in this case, and that defendant had another drug possession case the People dismissed. The People have not requested that we take judicial notice of these cases by submitting minute orders from the cases, but rather merely cite to the website from the San Bernardino County Court system.

background, character, and prospects, could have determined that [his] situation, including his apparent drug problem, could best be dealt with through reinstatement or continuation of mandatory supervision, possibly with modified or additional terms, rather than through the imposition of a three-year [county jail] prison term."

Based on the record before us, the arguments of both parties are speculative. It is well established that on appeal, defendant is bound by the record that was before the trial court. (*People v. Sanders* (1990) 221 Cal.App.3d 350, 362.) Because the trial court failed to order a probation report, the record before us contains no information demonstrating that defendant would likely have been reinstated on probation or received the three-year county jail term had the court ordered the report. At this point, it is purely speculative what information a probation report would have contained and whether such information would have impacted the court's sentencing determinations. Ultimately, because we cannot conclusively rule out the possibility that defendant might have obtained a more favorable result if the trial court had before it a probation report, we must conclude defendant was prejudiced by the trial court's error. We therefore conclude the matter must be remanded for a resentencing hearing after ordering a probation report or obtaining a valid waiver for such a report.

III

DISPOSITION

The sentence is reversed and the matter is remanded with directions to the trial court to order the preparation of and consider a probation report or obtain a valid waiver for such a report, and, if appropriate, to resentence defendant. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

KING
J.

11