Filed 8/30/22 P. v. Lacy CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC TYRONE LACY,<br><br>Defendant and Appellant. | F082128<br><br>(Super. Ct. No. F16904373)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County. Arlan L. Harrell, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Franson, Acting P. J., Smith, J. and Snauffer, J.

Defendant Eric Tyrone Lacy contends he is entitled to a remand for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which took effect during the pendency of this appeal. The People agree with Lacy that Senate Bill No. 567 applies retroactively to this case. The People, however, assert the sentencing court did not err under Senate Bill No. 567, or any error with respect to Senate Bill No. 567 was harmless, and therefore remand for resentencing is not required. We conclude the trial court erred under Senate Bill No. 567 and the error was not harmless. We remand for resentencing but otherwise affirm the judgment.

## **PROCEDURAL HISTORY**

On January 2, 2018, a second amended information (information) was filed in the Fresno County Superior Court, charging defendant Eric Tyrone Lacy, in count 1, with violating Penal Code[1] section 273.5, subdivision (a), by inflicting corporal injury upon his spouse, Jane Doe, resulting in a traumatic condition (a felony); and in count 2 with violating section 148, subdivision (a)(1), by resisting, obstructing, or delaying a peace officer or EMT (a misdemeanor). The information alleged, as a sentence enhancement in relation to count 1, that Lacy personally inflicted great bodily injury upon Jane Doe, within the meaning of section 12022.7, subdivision (e) (which applies to domestic violence offenses). The information further alleged that Lacy had suffered two prior convictions that counted as prior strikes under the three strikes law and also triggered a five-year prior serious felony sentence enhancement. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667, subd. (a)(1).) The two prior serious or violent felony convictions— one was for rape (section 261, subdivision (a)(2)) and other was for dissuading a witness (section 136.1, subdivision (c))—arose in the same case and dated to 1986. Finally, the information alleged that Lacy had suffered a prison prior within the meaning of section 667.5, subdivision (b).

---

[1] Subsequent statutory references are to the Penal Code, unless otherwise specified.

On January 3, 2018, Lacy pleaded "straight-up" to the charges and enhancement allegations set forth in the information (there was no plea agreement). On March 9, 2018, Lacy was sentenced based on his "straight-up" plea. At the sentencing hearing, the court noted: "The Court has read and considered the probation report dated February 6th, 2018, as well as the statement in mitigation and the invitation to strike the serious [felony] prior convictions, as well as the People's sentencing brief." The court struck one of Lacy's prior strikes pursuant to section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court sentenced Lacy to an aggregate term of 18 years in state prison.

During the sentencing hearing, the court observed: "I told Mr. Lacy at the time he entered his plea that I would be fair when reviewing his history and determining what is appropriate in this case. And the Court believes it is appropriate to strike one of the two serious felony priors." The court noted that Lacy's "serious felony priors" arose "some time ago" and "in a single case." The court concluded: "For that reason, the Court is going to strike one of the serious felony priors. And that would be the conviction for [dissuading a witness]. That will be stricken for sentencing purposes only in this particular case."

The court further explained its sentencing decision: "So for the felony violation of Penal Code section 273.5 (a), committing corporal injury to a cohabitant resulting in a traumatic condition, the Court is selecting as the appropriate sentencing option the aggravated term of four years. The Court is imposing that term based on the fact that the defendant was on parole at the time … the offense was committed. And … based on the fact the defendant engaged in violent conduct, which indicates he is a serious danger to society. At least as to the victim in this case. That term will be further enhanced under Penal Code section 12022.7(e), where the Court is again selecting the aggravated term of five years. And the Court is selecting that term for the same reasons. [¶] The [count 1] term will be further enhanced under Penal Code section 667(a)(1), given that [the instant]

3.

crime and the prior crime were each serious and/or violent felonies. The Court will exercise its discretion and strike the [section] 667.5(b) prior for purposes of sentencing in this case only. [¶] For a total commitment for the conduct in this case of 18 years."[2]

Effective January 1, 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393) amended sections 667, subdivision (a) and 1385, subdivision (b), to allow sentencing courts to strike a prior serious felony conviction for purposes of the five-year sentence enhancement under section 667, subdivision (a)(1). (Stats. 2018, ch. 1013, §§ 1-2.) Upon Lacy's appeal of his sentence to this court, we remanded the matter for the sentencing court to exercise its discretion in light of Senate Bill No. 1393.[3] On remand, a resentencing hearing was held on October 15, 2020. At the resentencing hearing, the court asked the parties whether they had anything to add to their arguments and briefing from the original sentencing hearing, "specifically concerning the [section] 667(a) allegation." Both parties then supplemented their arguments from the initial sentencing hearing with comments directed to the section 667, subdivision (a)(1) sentence enhancement and whether the court should impose it or not. The sentencing court noted it had read the appellate court opinion and the transcript from the original sentencing hearing, and "reread" the original probation report. The court reimposed the original sentence, reiterating precisely the same reasons it had articulated during the original sentencing.

Thus, the court said it would "strike one of the serious felony priors," that is, "the [section] 136 conviction," because it "occurred at the same time as the rape conviction" and "in the same case." The court again selected "the aggravated term of four years" for the section 273.5 conviction because Lacy "was on parole at the time that the offense was

---

[2] The court imposed a one-year county jail term on count 2, to run concurrently with the sentence on count 1.

[3] As requested by Lacy, we take judicial notice of our opinion in Lacy's prior appeal, *People v. Lacy* (Mar. 20, 2020, F077146 [nonpub. opn.]).

committed, also based on the fact that [he] engaged in violent conduct which indicates that he was a serious danger to society, at least as to this particular victim." The aggravated term of four years was doubled on account of the prior strike. The court observed: "And the term will be further enhanced pursuant to Penal Code section 12022.7(e) for the personal infliction of great bodily injury, where the Court is selecting as the appropriate term[,] the aggravated term of five years. And the Court is selecting that five-year term for the same reasons that the Court selected the aggravated term as to the underlying offense." As for the five-year serious felony enhancement pursuant to section 667, subdivision (a)(1), the court added, "[t]he term [on count 1] will be enhanced pursuant to Penal Code section 667 (a)(1)." The court noted it understood it had the discretion to not impose the section 667, subdivision (a)(1), enhancement but declined not to impose it. In imposing sentence, the court did not consider Lacy's conduct in prison following his original sentencing, which took place over two and half years previously.

## DISCUSSION

### I. Lacy is Entitled to Resentencing Pursuant to Senate Bill No. 567

Lacy argues on appeal: "Senate Bill 567 amended section 1170, affecting a trial court's sentencing discretion, including its ability to impose the upper term for a conviction. (Stats. 2021, ch. 731, § 1.3.) The legislation limits the trial court's ability to impose the upper term unless certain circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. The amendments took effect January 1, 2022, while this appeal was still pending. (*Ibid*.) [¶] It is appellant's position that he is entitled to remand for resentencing in light of Senate Bill 567." The People agree with Lacy that Senate Bill No. 567 applies retroactively to this case, but argue that remand is unnecessary and any error by the sentencing court in failing to comply with the amendments wrought by Senate Bill No. 567 was harmless. As explained below, we agree with Lacy and will remand the matter for resentencing in light of Senate Bill 567

5.

and other applicable amendments to the sentencing laws that took effect during the pendency of this appeal.

### A. *Senate Bill No. 567*

When the trial court sentenced Lacy, both at the original sentencing in March 2018 and the subsequent sentencing in October 2020, section 1170 provided that, at sentencing, the selection of the lower, middle, or upper term "shall rest within the sound discretion of the court," based on which term "best serves the interests of justice." In making its selection, the court could consider "the record in the case, the probation officer's reports, other reports, … and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim [was] deceased, and any further evidence introduced at the sentencing hearing." (Former § 1170, subd. (b).) The court was required to specify the reasons for its sentencing decision. (Former § 1170, subd. (b).) The courts rely on aggravating and mitigating circumstances listed in the California Rules of Court, rules 4.421 & 4.423, and "any other factor reasonably related to the sentencing decision" (Cal. Rules of Court, rule 4.420(b)).

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, restricting a trial court's sentencing discretion, including its ability to impose the upper term for a conviction. (Stats. 2021, ch. 731, § 1.3.) Pursuant to Senate Bill No. 567, section 1170 now precludes a trial court from imposing a sentence exceeding the middle term for any offense with a sentencing triad, unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, *and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial*." (§ 1170, subd. (b)(2), italics added.) In other words, Senate Bill No. 567 provides for a *presumptive middle term* absent the presence of circumstances in aggravation, the facts underlying which have either been stipulated to by the defendant or proven beyond a reasonable doubt at trial. (§ 1170, subds. (b)(1) & (2); *People v. Lopez*

6.

(2022) 78 Cal.App.5th 459, 464 (*Lopez*).) Notwithstanding this limitation, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) Section 1170, as amended by Senate Bill No. 567 further provides, in pertinent part: "The court shall set forth on the record the facts and reasons for choosing the sentence imposed. *The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law.*" (§ 1170, subd. (b)(5), italics added.)

### B. Amendments to Section 1170 Apply Retroactively

The parties agree, as do we, that Senate Bill No. 567's amendments to section 1170, subdivision (b), make ameliorative changes to the law, that apply retroactively to all cases not yet final as of January 1, 2022. (See *Lopez*, *supra*, 78 Cal.App.5th at pp. 464-465.) The amended statute is ameliorative because it potentially limits punishment by *requiring the imposition of the middle term* absent the applicability of aggravating circumstances, the facts underlying which must either be stipulated to by the defendant or proven beyond a reasonable doubt. (§ 1170, subd. (b)(1), (2).) Lacy's case was not final on January 1, 2022; accordingly, the amendments to section 1170 apply retroactively to his case. As relevant here, Senate Bill No. 567 affected the trial court's discretion to impose upper term sentences on count one and the great bodily injury enhancement attached to count 1, respectively.

### C. The Sentencing Court Did Not Comport with the Requirements of Senate Bill No. 567 in Imposing Upper Terms on Count 1 and the Great Bodily Injury Enhancement Attached to Count 1, Respectively

The parties disagree on whether resentencing is necessary pursuant to section 1170, as amended by Senate Bill No. 567.

Lacy maintains resentencing is the appropriate remedy: the trial court imposed the upper term based on aggravating factors that did not include prior convictions, were not

7.

stipulated to by Lacy, or found true beyond a reasonable doubt at trial by a jury or the court in a court trial. Lacy contends the trial court must resentence him within the new parameters of section 1170, subdivision (b).

The People contend that "[i]n imposing the upper term sentence in count one here, the trial court properly found that Lacy was on parole at the time of the crimes and that those crimes established that he had engaged in violent conduct that indicated that he was a serious danger to society." First, citing section 1170, subdivision (b)(3), and authorities that predate Senate Bill No. 567, the People argue the sentencing court could properly rely on certified records of conviction to find that Lacy was on parole at the time he was convicted on count 1, and therefore the facts underlying the parole aggravating circumstance were not required to be proven beyond a reasonable doubt to a jury or the court at a trial. The People next argue that because "Lacy admitted to the minimum elements of count one and the great bodily injury enhancement when he pled no contest to the crime and admitted the truth of the enhancement … [t]he trial court's finding that 'Mr. Lacy engaged in violent conduct which indicates that he was a serious danger to society, at least as to this particular victim' is thus supported by Lacy's own admissions." The People posit that "because Lacy admitted the minimum elements of the crime and the enhancement, a court or jury finding was not required to comport with Senate Bill No. 567." (See § 1170, subd. (b)(1), (2).)

The People's arguments do not pass scrutiny. First, as to the sentencing court's reliance on the aggravating circumstance that Lacy was on parole when he committed the instant felony offense (see Cal. Rules of Court, rule 4.421(b)(4)), the People do not dispute that the facts underlying this aggravating circumstance were not stipulated to by the defendant, nor were they found true beyond a reasonable doubt by a jury or the court. Moreover, even were we to accept the People's argument that a defendant's parole status is exempt from the requirements of section 1170, subdivision (b)(2) and may properly be established with reference to the certified record of a defendant's prior convictions

8.

pursuant to section 1170, subdivision (b)(3), here the record *did not contain* any certified records related to Lacy's prior convictions and the court did not rely on any such records. Rather, in concluding Lacy was on parole when he committed the instant offense, the sentencing court relied on the probation report. To the extent the People cite authorities that predate Senate Bill No. 567 for the proposition that the sentencing court could properly rely on the probation report in this regard, this concept is no longer valid in light of Senate Bill No. 567's amendments to section 1170, subdivision (b). In sum, the court's imposition of the upper terms on count one and the great bodily injury enhancement on grounds that Lacy was on parole at the time of the instant offense was erroneous under section 1170, subdivision (b), as amended by Senate Bill No. 567.

As noted above, the People further argue the court properly imposed the upper terms on count 1 and on the great bodily injury enhancement based on the aggravating circumstance that Lacy had engaged in violent conduct that indicates a serious danger to society. (See Cal. Rules of Court, rule 4.421(b)(1).) In this regard, the People posit that because "Lacy admitted the minimum elements of the crime and the enhancement," the facts underlying the aggravating circumstance were "supported by Lacy's own admissions," and, in turn, "a court or jury finding was not required to comport with Senate Bill No. 567."

To the extent Lacy's straight-up plea meant he "admitted the minimum elements of the crime and the enhancement," his bare plea did not automatically establish all the requisite facts underlying the aggravated circumstance at issue here (i.e., that he had engaged in violent conduct indicating a serious danger to the public or his wife). Lacy notes he did not stipulate his conduct indicated he was a serious danger to society; rather, at sentencing, defense counsel emphasized that Lacy's commission of the instant offense was "aberrant," and highlighted various facts in support of this contention (for example, counsel represented that Lacy had been with his wife for 27 years, married for 21 of those years, and his wife had reported this was the first instance of domestic violence in that

entire time, and it occurred at a time when Lacy and his wife were going through a divorce).

Further, the People's arguments are also not persuasive because, under the rationale posited by the People, any time a defendant pleads guilty or no contest to a charge under section 273.5 and admits an associated great bodily injury enhancement allegation, it would automatically justify the imposition of the *upper* term with reference to the aggravating circumstance at issue here (i.e., that the defendant had engaged in violent conduct that indicates a serious danger to society), regardless of the factual circumstances. In addition, the People's contentions conflict with section 1170, subdivision (b)(5), which provides, "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law."

Amended section 1170 creates a presumption that the defendant will be sentenced to the middle term, absent the presence of aggravating circumstances, the facts underlying which have either been stipulated to by the defendant or proven beyond a reasonable doubt at a trial before a jury or the court. Since Lacy did not stipulate to all the facts relevant to the aggravating circumstance (i.e., that he had engaged in violent conduct that indicated a serious danger to society), and nor were such facts found true beyond a reasonable doubt by a jury or the court, the court erred, under Senate Bill No. 567, in relying on this aggravating circumstance to impose the upper terms on count 1 and the related great bodily injury enhancement, respectively.

### D. *The Sentencing Court's Errors in Imposing the Upper Terms on Count 1 and on the Great Bodily Injury Enhancement Were Not Harmless*

The People contend any errors on the part of the sentencing court under the amendments effected by Senate Bill No. 567, were harmless. We disagree.

As discussed above, the sentencing court did not have the benefit of the amendments to section 1170 when it sentenced Lacy to the upper terms on count 1 and

the related great bodily injury enhancement, respectively. However, to the extent the sentencing court erred with regard to the requirements of amended section 1170, " '[s]uch an error does not require reversal if the reviewing court determines it was harmless beyond a reasonable doubt, applying the test set forth in *Chapman v. California* (1967) 386 U.S. 18.' " (*Lopez, supra*, 78 Cal.App.5th at p. 465 [where a sentencing factor must be found true by a jury and the court fails to ensure that it is, the error does not require reversal if determined on appeal to be harmless beyond a reasonable doubt under the test set forth in *Chapman v. California*, *supra*, 386 U.S. 18].) The error may be found harmless if the evidence supporting the factor in question is " 'overwhelming and uncontested, and there is no "evidence that could rationally lead to a contrary finding." ' " (*Lopez, supra*, at p. 465.) "In order to conclude that the trial court's reliance on improper factors ... was not prejudicial, we would have to conclude beyond a reasonable doubt that [a jury or the court] would have found true beyond a reasonable doubt *every factor on which the court relied*." (*Ibid.*)

Even assuming a jury or the court would certainly have found true beyond a reasonable doubt that Lacy was on parole when he committed the instant offense, here the court, in imposing the upper terms on count 1 and the related great bodily injury enhancement, also considered that Lacy engaged in violent conduct that indicated he was a "serious danger to society"—a fact not stipulated to by Lacy or found true beyond a reasonable doubt by a trier of fact.

The issue whether Lacy's conduct made him "a serious danger to society" was hotly contested at sentencing. Defense counsel argued that Lacy's criminal history did not include any violent offense for over 30 years, and his only prior violent conduct had occurred in 1986 when he was 21 years old (Lacy was 54 years old at the time of sentencing). Counsel noted Lacy's recent prior felony conduct amounted to petty thefts that were "now misdemeanors." Counsel also argued that "the circumstances of this particular case are quite unusual, in the sense that there [have] been no reports of any

11.

domestic violence throughout [Lacy and his wife's] 21 years, or 27 years of being together and then 21 years of marriage.… This was the first occasion … that has occurred." The prosecutor, for her part, countered: "There had been no reported prior incidents of domestic violence, but the victim did testify at the preliminary hearing of prior instances of emotional abuse that she went through throughout this relationship." Defense counsel argued the domestic violence was aberrant in that it arose from a confluence of unusually stressful circumstances in Lacy's life, including the fact that he and his wife were going through a divorce.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

We cannot conclude the record before us clearly indicates the court would have imposed the upper terms absent its consideration of this disputed factor. We also cannot conclude that remand for resentencing is unnecessary because a jury or court surely would have found this aggravating circumstance true beyond a reasonable doubt. In other words, it is possible, in light of Lacy's lack of a history of domestic violence and the circumstances surrounding the offense, that a trier of fact could disagree as to whether Lacy's conduct indicated he posed a serious danger to the public.

Because the record before us does not clearly establish the court would have imposed the same sentence without considering the aggravating circumstance that Lacy had engaged in violent conduct such that he was a serious danger to society, we agree

with Lacy that remand is appropriate so the sentencing court may exercise its informed discretion in sentencing him in line with the new legislative changes.

Before resentencing, the court must give the People an opportunity to elect whether to accept resentencing on the current record or seek upper term sentences in compliance with newly amended section 1170, subdivision (b). Either way, the court shall conduct a " 'full resentencing' " on remand. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) At resentencing, the court shall also consider other applicable amendments to sentencing laws that became effective during the pendency of this appeal, including on January 1, 2022. At resentencing, the court will be entitled to consider evidence of Lacy's "postsentencing conduct in prison." (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 627-628.) We express no view as to how the trial court should exercise its discretion.

## II. Lacy is Entitled to a Supplemental Probation Report at Resentencing

Lacy notes he was originally sentenced in March 2018, and that was when his probation report was prepared. Lacy asks us to "direct the trial court to order preparation of [a] supplemental probation report and allow the parties to provide additional information to the court to inform the court's sentencing choices at the resentencing proceeding." Lacy contends these measures are necessary in order to provide the court with postsentencing information and information relevant to amended section 1170. Lacy cites California Rules of Court, rule 4.411(a)(2) [the court shall order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared] and *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180-181 [trial court erred by proceeding to sentencing hearing without ordering a supplemental or updated probation report where more than six months had elapsed between preparation of the probation report and sentencing].) The People do not dispute that "six months may be a significant period of time warranting a supplemental report"; here, over four years will have elapsed between

the time the original probation report was prepared and sentencing. The People urge the trial court should decide, in the first instance, whether to order a supplemental probation report. The People do not cite persuasive authority in support of their position. Under California Rules of Court, rule 4.411(a)(2), in the circumstances that apply here, the trial court is required to obtain a supplemental probation report. Accordingly, we will direct the trial court to order a supplemental probation report ahead of resentencing.

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing consistent with this opinion and in compliance with section 1170 as amended by Senate Bill No. 567. The judgment is otherwise affirmed.