Filed 3/15/24  P. v. Mendes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097978 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF05871, 18CF03572 & 20CF00924) |
| v. | |
| ADAM ROSS MENDES, | |
| Defendant and Appellant. | |

In three separate cases, defendant Adam Ross Mendes pled guilty to robbery, felony failure to appear, and felony resisting an executive officer and received an aggregate seven-year sentence.  We previously vacated the sentence and remanded the matter to the trial court in light of amendments to Penal Code section 1170.  (*People v. Mendes* (June 23, 2022, C093550) [nonpub. opn.].)[1]  On appeal, defendant contends he

---

[1]  We grant the People's request for judicial notice of our prior opinion in *People v. Mendes, supra,* C093550.

1

was deprived of due process because he did not make a knowing and intelligent waiver of his right to be present at the resentencing hearing, and because the trial court erred in failing to order another supplemental probation report. The People concede both errors but argue that they were harmless. We cannot conclude beyond a reasonable doubt that defendant's presence at resentencing would not have influenced the trial court's exercise of its discretion. Because we conclude that defendant's absence at his sentencing hearing constitutes reversible error, we need not address any other issue raised on appeal. We will vacate defendant's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled guilty to robbery (Pen. Code, § 211),[2] felony failure to appear (§ 1320.5), and felony resisting an executive officer (§ 69, subd. (a)) in three separate cases. The trial court sentenced defendant to seven years. Defendant appealed and we remanded for resentencing in light of amendments to section 1170.

Defendant was not present at the resentencing hearing and defense counsel waived defendant's appearance. Counsel said he had "been in touch indirectly with [defendant] through his mother," and defendant had confirmed he did not wish to appear at the hearing. The trial court did not order a new supplemental probation report.

In "reaffirming its previous finding that the aggravating factors outweigh any mitigating factors," the trial court considered the original probation report, the supplemental probation report, and our decision in defendant's previous appeal. Specifically, the trial court found that defendant serving a prior prison term was an aggravating factor. In mitigation, the trial court found defendant suffered from a "mental or physical condition that could reduce culpability for the crime." Counsel presented a medical report evidencing an "intercranial injury," an attention deficit hyperactivity

---

[2]     Further undesignated section references are to the Penal Code.

2

disorder diagnosis, as well as a certificate of achievement and letter of achievement showing defendant participated in two rehabilitation courses while in prison, completing one. The trial court also took judicial notice of "its own file" from defendant's separate Butte County Superior Court case. The trial court resentenced defendant to an aggregate term of seven years, which included an upper term.

## DISCUSSION

On appeal, defendant contends the trial court erred because (1) he did not make a knowing and intelligent waiver of his right to be present at the resentencing hearing and (2) the trial court did not order a supplemental probation report. The People concede both errors but argue the errors were harmless. We cannot agree, concluding that defendant's absence at the resentencing was not harmless beyond a reasonable doubt, and that we must remand for resentencing.

A criminal defendant has a "constitutional and statutory right to be present at [a] sentence modification hearing." (*People v. Robertson* (1989) 48 Cal.3d 18, 60; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*); see also Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1193, subd. (a).) We agree with the parties that defendant did not make a knowing and intelligent waiver of his right to be present at his resentencing hearing. We therefore consider whether the error prejudiced defendant. (*People v. Penunuri* (2018) 5 Cal.5th 126, 163; *People v. Davis* (2005) 36 Cal.4th 510, 532.)

Under the federal Constitution, the error at issue here is evaluated under the harmless beyond a reasonable doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed. 2d 705 ]. (*People v. Davis, supra*, 36 Cal.4th at p. 532.) Under that standard, the error " 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' " (*Cutting, supra*, 42 Cal.App.5th at p. 348.)

A defendant's conduct after his original sentence and other subsequent developments are relevant to a sentencing court's consideration upon resentencing.

3

(*People v. Bullock* (1994) 26 Cal.App.4th 985, 990.) Defense counsel submitted a certificate of achievement and a letter indicating defendant was participating in classes for violence prevention and support and accountability; however, it is unclear from the record whether defendant participated in or completed any other courses during the two years since his last resentencing. The record also contains no facts that counsel directly communicated with defendant prior to resentencing. Nor did the trial court order a new supplemental probation report.[3] The supplemental probation report relied on by the trial court, which was over two years old, indicates that defendant researched and sought the opportunity to participate in a " 'medically-structured program' " for drug addiction, mental health, and traumatic brain injury prior to his initial resentencing. It also indicated that defendant stated he had been diagnosed with attention deficit hyperactivity disorder, bipolar disorder, and a traumatic brain injury and that defendant "may suffer from a mental or physical condition," but the diagnoses were "unverified." Defendant also sought to participate in a traumatic brain injury evaluation to determine how that claimed injury affects his decision processes and to learn new coping mechanisms.

Had defendant been present at the resentencing hearing, he may also have been able to provide evidence of additional mitigating circumstances or augmented counsel's arguments regarding his rehabilitation efforts. The impact of defendant's absence from the hearing was exacerbated by the lack of direct communication with counsel and the failure to obtain a current supplemental probation report. Because of defendant's absence from the hearing, he was not afforded a full and fair opportunity to present his case

---

[3]   California Rules of Court, rule 4.411(a)(2) provides that a supplemental probation report is required "if a significant period of time has passed since the original report was prepared." "The Advisory Committee Comment to the rule suggests that a period of more than six months may constitute a significant period of time, even if the defendant remains incarcerated and under the watchful eyes of correctional authorities." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 181.)

4

supporting a favorable exercise of discretion. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258-259.)

A two-year passage of time between resentencing hearings is significant, and because defendant was not present at the hearing, he was deprived of the opportunity to offer the trial court mitigating factors, express remorse, or ask for leniency. (*Cutting, supra*, 42 Cal.App.5th at p. 350.) The trial court may or may not have chosen to believe defendant, but we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome. (*Ibid.*)

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing. The trial court is ordered to conduct a new resentencing hearing at which defendant is present, unless he waives his presence in accordance with section 1193.

\s\ ,
Krause, J.


We concur:


\s\ ,
Earl, P. J.


\s\ ,
Ashworth, J.[*]

_____

[*] Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.